VELMA HAWKINS, as Executrix of ORVILLE C. HAWKINS, Deceased, Respondent, v HELEN UNTERBORN, as Administratrix of the Estate of LUTHER T. UNTERBORN, Deceased, et al., Appellants. (Appeal No. 1.)

HELEN UNTERBORN, as Administratrix of the Estate of LUTHER T. UNTERBORN, Deceased, Appellant, v VELMA HAWKINS, as Executrix of ORVILLE C. HAWKINS, Deceased, et al., Respondents, and THOMAS NESBITT, Respondent-Appellant. (Appeal No. 2.)

HELEN UNTERBORN, as Administratrix of the Estate of LUTHER T. UNTERBORN, Deceased, Appellant, v VELMA HAWKINS, as Executrix of ORVILLE C. HAWKINS, Deceased, et al., Defendants, and THOMAS NESBITT, Respondent. (Appeal No. 3.)

Fourth Department, May 30, 1975

*Johnson, Reif & Mullan, P.C.* (*Samuel G. Brundage* and *George A. Schell* of counsel), for Thomas Nesbitt.

*Samuel M. Hall* (*James F. Miller* and *Samuel F. Prato* of counsel), for Helen Unterborn.

*David A. Merkel* and *Stephen V. Lines* for Velma Hawkins and another, respondents.

CARDAMONE, J. The question raised on this appeal is whether it was proper for the trial court to dismiss the complaint of the estate in a wrongful death action at the close of its case on the grounds that decedent was contributorily negligent as a matter of law. We conclude that on the facts in this record it was not.

Briefly, on February 4, 1972 a snowy, blustery day decedent Unterborn was proceeding south along Route 19 (Lake Road) in the Town of Clarkson, Monroe County, New York. Defendant Nesbitt, who lived on Lake Road, left his house, got into his vehicle and backed out into the highway. He then proceeded to head south, the same direction in which Unterborn was heading, and after traveling a short distance observed that the Unterborn vehicle was alongside attempting to pass. The two vehicles continued in this position, side-by-side, for some distance crossing a bridge beyond which, heading in the opposite direction, was a tractor trailer driven by decedent

Hawkins. Unterborn and Hawkins both died as a result of the ensuing head-on collision, Unterborn at the scene and Hawkins several days later in the hospital. Nesbitt's car was not physically involved and he was the only witness to the incident.

Two lawsuits were commenced. In the first, Hawkins' estate sued Nesbitt and Unterborn and, in the second, Unterborn's estate sued Nesbitt and Hawkins. The cases were tried together. At the close of plaintiff's evidence in Action No. 2, Unterborn's complaint was dismissed, as was Nesbitt's cross claim against Hawkins. Only Action No. 1 was submitted to the jury which returned a verdict of $179,923 in favor of Hawkins' estate apportioned 30% against Nesbitt and 70% against Unterborn's estate.

Unterborn's estate and Nesbitt have appealed from the trial court's dismissal of the complaint and cross claim respectively in Action No. 2 and from the adverse jury verdict against them in action No. 1.

Appellant Unterborn is not held to as high degree of proof in a wrongful death action as in an ordinary negligence action where the injured plaintiff can himself describe the occurrence (*Noseworthy v City of New York,* 298 NY 76; *Cruz v Long Is. R.R. Co.,* 28 AD2d 282). Moreover, the burden of proof has been shifted in a wrongful death action so that the contributory negligence of the decedent shall be a defense to be pleaded and proved by the defendant (EPTL 5-4.2). In *Rossman v La Grega* (28 NY2d 300, 306) a unanimous Court of Appeals reversed the dismissal of decedent's complaint on the ground of his contributory negligence, stating that this issue is "almost always a question of fact" even in those cases where the injured person is himself suing and has the burden of proving his freedom from contributory negligence. Most of the testimony regarding estimates of speed, distance, time and place of the respective vehicles was furnished by appellant. Nesbitt whose testimony the jury was free to disregard or at least discount because of his status as an interested witness. A slight variation in these estimates which the jury could properly infer from the evidence before it could well have created the emergency situation suggested by Unterborn's attorney. For example, the record reveals that Nesbitt testified that he might have backed out without stopping and could not state with certainty how far Unterborn was behind him. These facts establish a jury question on the issue of contributory negli-

gence with respect to Unterborn. His conduct which might otherwise be considered contributorily negligent may not be so considered if the jury concludes that he was under pressure of an emergency and lacked the time for reflection and deliberate judgment. Whether Unterborn's actions in passing Nesbitt were foolhardy or reasonable in light of an emergency confronting him is a jury question *(Rossman v La Grega, supra,* p 304; 1 Warren's Negligence, § 14, pp 156–158).

We conclude, therefore, that the trial court's dismissal of Action No. 2 was improper. We reach this conclusion despite the *Dole-Dow* apportionment of liability in Action No. 1 because the dismissal of Unterborn's plaintiff's action without an adequate explanation to the jury might well have created substantial prejudice in the eyes of the jury to Unterborn's defenses in Action No. 1, and led them further to conclude that Hawkins was free from negligence. We believe, therefore, that there must be new trials in Action No. 1 and Action No. 2 where these fact issues may be resolved by a jury. In view of this conclusion and the necessary new trials, it appears appropriate to us that Nesbitt's cross claim against Hawkins in Action No. 2 which was dismissed by the trial court at the same time as Unterborn's complaint should, along with the other issues, be resolved by a jury.

The trial court also improperly denied Unterborn's offer of proof of a statement Hawkins made to his wife shortly after the accident while he was in the hospital. The statement offered was taken from the examination before trial of Mrs. Hawkins and was in response to the question:

"Q. Did he ever tell you what happened?

"A. He said that a car backed out of a driveway, and that this car was coming. He passed around that car that was backing out of the driveway and it ran into him."

Such a statement is an admission, and is not violative of the husband-wife privilege because it was not one induced by that relationship *(People v Melski,* 10 NY2d 78, 80; Richardson, Evidence [10th ed], § 448; 8 Wigmore, Evidence [3d ed], § 2237); nor does it violate the "Dead Man's Statute" (CPLR 4519) which contains an express exception "as to the facts of an accident * * * where the * * * cause of action involves a claim of * * * contributory negligence". Further, the statement is admissible against the decedent Hawkins because he has the burden of proof with respect to Unterborn's contributory negligence in Action No. 2. As an admission, it should be

admissible regardless of where made as inconsistent with the position taken by Hawkins' estate at trial on this issue *(Kwiatkowski v John Lowry, Inc.,* 276 NY 126; *Reed v McCord,* 160 NY 341; Richardson, *supra,* § 209).

We have reviewed the other questions raised with respect to whether the trial court committed reversible error when it (1) denied the motion to set aside the verdict against Nesbitt as against the weight of the evidence, (2) made evidentiary rulings concerning the admission of diagrams, surveys and repetitious testimony, and (3) charged the jury as to the application of subdivision (b) of section 1122 of the Vehicle and Traffic Law to this case, and we find these contentions to be without merit.

The judgments should be reversed and a new trial granted.

MOULE, J. P., SIMONS, MAHONEY and GOLDMAN, JJ., concur.

Judgment, in appeal No. 1, unanimously reversed on the law and new trial granted, with costs to abide the event.

Judgments, in appeals Nos. 2 and 3, unanimously reversed on the law and facts and new trial granted, with costs to abide the event.