■ SARAH KUSTERMAN et al., Respondents, v ROBERT GLICK, Appellant, et al., Defendants. — In a medical malpractice action to recover damages for personal injuries, etc., defendant Glick appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Levine, J.), dated March 25, 1983, as was in favor of the plaintiffs and against him in the principal amount of $372,000.

Judgment reversed, insofar as appealed from, on the law, with costs, and matter remitted to the Supreme Court, Kings County, for a new trial on the issue of damages only. The findings of fact on the issue of liability are affirmed.

In this medical malpractice action, the principal plaintiff, Sarah Kusterman, alleged that she had sustained severe emotional and psychological injuries after undergoing an incomplete abortion in April of 1977. The jury's findings with respect to the third and fourth interrogatories, to wit: that the defendant doctor had proximately caused Mrs. Kusterman's injuries by negligently failing to resuction her after discovering minimal amounts of tissue on the tip of his sharp curet following completion of the abortion procedure, are not contrary to the weight of the credible evidence, and must therefore be affirmed. In this regard, we note that the defendant doctor himself admitted that he did not resuction after finding a minimal amount of tissue on the curet used to scrape the womb upon completion of the procedure, and that one of the plaintiffs' experts, Dr. Sloan, a specialist in obstetrics and gynecology, testified that failure to resuction after finding such tissue was a departure from good and accepted medical practice. Although other experts testified to the contrary, "[t]he weight to be afforded the conflicting testimony of experts is a matter peculiarly within the province of the jury" (Sternemann v Langs, 93 AD2d 819).

The trial court did, however, erroneously restrict the testimony of one of the appellant's experts, Dr. Fogel, who had examined plaintiff Sarah Kusterman in February of 1979 in the presence of her husband, coplaintiff Robert Kusterman.

Throughout the trial, both plaintiffs had consistently maintained that as a result of Mrs. Kusterman's psychological injuries they had been unable to have any sexual relations, and fixed the date of the onset of their difficulties as April of 1977. This was the crux of the husband's derivative action for loss of services, and was a major aspect of plaintiff Sarah Kusterman's claims as well. Had the court not restricted Dr. Fogel's testimony, he was prepared to state that after examining Mrs. Kusterman, he had informed both plaintiffs that she was suffering from a condition known as trichomonas vaginalis, which, while it need not be contracted through sexual contact, can be transmitted sexually. The doctor then indicated that upon being apprised that "total exposure" to this vaginal condition could be contagious, plaintiff Robert Kusterman requested information regarding treatment for himself and was told to consult a urologist.

While not definitively indicating that they had engaged in sexual intercourse, such a request on the part of Mr. Kusterman at least implied that some sexual contact had taken place between himself and his wife. This was diametrically opposed to his position at trial, and should have been received in evidence as an admission (see Richardson, Evidence [Prince, 10th ed], § 209; see *Hawkins v Unterborn,* 48 AD2d 176, 180). That the plaintiffs may subsequently have been able to attack Dr. Fogel's credibility in this regard is not determinative on the question of admissibility, and merely presented an issue of fact for the jury to determine (see *Ross v Schwartz,* 48 AD2d 844). Moreover, since the statement in question was clearly relevant and material to certain of the issues presented at trial, its sensitive nature would not preclude its admission (cf. *Cynthia B. v New Rochelle Hosp. Med. Center,* 86 AD2d 256, affd 60 NY2d 452).

In light of the foregoing, and in light of appellant's counsel's concession during argument before this court that the aforementioned error would only have affected the verdict on the issue of damages, we remit the matter for a new trial on that issue alone. This, in turn, renders the allied contention regarding the alleged excessiveness of the damages awards academic.

We have considered the appellant's remaining contentions and find them to be without merit. Lazer, J.P., Gibbons, Bracken and Lawrence, JJ., concur.