■ MARION JONES, Appellant, v CHARLES SCHOCKETT, Defendant, and LA GUARDIA MEDICAL GROUP, P. C., et al., Respondents. — In a medical malpractice action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Posner, J.), entered May 3, 1983, as was in favor of defendants La Guardia Medical Group, P. C., and Dr. Shelly Wang, and from an order of the same court dated May 6, 1983, which denied that branch of plaintiff's motion which sought to set aside the verdict in favor of those defendants.

Order affirmed, and judgment affirmed insofar as appealed from, without costs or disbursements.

In this medical malpractice action, plaintiff sought to establish that defendant Dr. Shelly Wang departed from accepted medical practice when she failed to discontinue plaintiff's use of diabinese, the medication used to control her diabetes.

Plaintiff claimed that she visited Dr. Wang on August 31, 1979, exhibiting symptoms of a rash, bumps and itching, and that notwithstanding these signs of an allergic reaction to diabinese, Dr. Wang gave her a new prescription for the drug.

Dr. Wang claimed that plaintiff had not exhibited any signs of a rash or bumps, but complained only of itching, and had informed Dr. Wang that she had taken some "old Diabinese".

The expert witnesses, without exception, testified that itching is a nonspecific symptom common in diabetics.

The documentary evidence supported Dr. Wang's testimony, and showed that plaintiff did not have any signs of a rash until at least September 4, 1979.

There was no expert testimony to the effect that Dr. Wang departed from accepted medical practice when she prescribed diabinese, and attributed plaintiff's itching to either her diabetes or her ingestion of "old Diabinese".

There was testimony by defendant Schockett as to his practice, but not as to accepted medical practice. There was expert testimony that Dr. Wang did not depart from accepted medical practice.

The weight to be accorded to the conflicting testimony of experts is a matter peculiarly within the province of the jury. (*Sternemann v Langs*, 93 AD2d 819). Further, although a medical malpractice panel issued a unanimous finding of liability against appellants, a finding of liability by a medical malpractice panel is not binding on the jury and is "accorded such weight as the jury * * * chooses to ascribe to it" (Judiciary Law § 148-a [8]). On the record before us, we cannot say that the jury's finding of no negligence on the part of Dr. Wang was against the weight of the evidence.

Because the jury found that Dr. Wang was not negligent, it did not reach the issues of proximate cause and damages. Therefore, we need not resolve plaintiff's remaining claims of trial error which address these two latter issues (*cf. Sabatino v Turf House*, 76 AD2d 945). O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.