■ JEAN ALTMAN, as Administratrix of the Estate of BERNARD ALTMAN, Deceased, Appellant, v DEEPDALE GENERAL HOSPITAL et al., Defendants, and EDWARD SOUFER et al., Respondents.

In this action, the jury found that the defendants Edward Soufer and Sydney Bressler were not negligent in their treatment of the plaintiff's decedent, Bernard Altman. Contrary to the plaintiff's contention, it cannot be said that the jury verdict in favor of those defendants was against the weight of the evidence in view of the conflicting testimony of the expert witnesses (see, Jones v Schockett, 109 AD2d 821, 822; Chodos v Flanzer, 109 AD2d 771; Kusterman v Glick, 107 AD2d 664).

In addition, the plaintiff contends that a reversal is warranted because she was not given notice of the defendant Bressler's written charge requests until after the parties' summations and the court's charge to the jury. Thereafter, the

trial court, over the plaintiff's objection, gave a supplemental charge to the jury concerning the issue of proximate cause in accordance with one of the defendant Bressler's requests, and expanded it to include the defendant Soufer. In general, CPLR 4110-b provides the statutory scheme whereby, *inter alia,* the parties may submit written charge requests no later than at the close of the evidence and requires that the trial court inform counsel of its proposed action prior to the summations. While the record is unclear as to when the written charge requests were submitted to the trial court, the defendant Bressler contends on appeal that his counsel submitted the written requests prior to the summations. However, it appears from the record that the trial court did not indicate its proposed action with respect to these requests. After summations and the charge to the jury, the defendant Bressler's counsel, apparently for the first time, requested that the trial court consider his written requests. The plaintiff has failed to demonstrate that she was prejudiced by this action, that she was prevented from arguing her case effectively and intelligently, or that she requested that she be permitted to reopen her summation. Without such a showing, reversal is not required on this ground *(see, Getlin v St. Vincent's Hosp. & Med. Center,* 117 AD2d 707, 708; *Spadaccini v Dolan,* 63 AD2d 110, 122). Moreover, since the jury found that the respondents did not breach any duty of care, it did not reach the issue of proximate cause and therefore any alleged error in the supplemental charge was harmless *(see, Jones v Schockett,* 109 AD2d 821, 822, *supra; Chodos v Flanzer,* 109 AD2d 771, 772, *supra).*

Further, in marshaling the evidence, the trial court stated the law as applicable to the particular facts in issue *(see, Green v Downs,* 27 NY2d 205) and informed the jurors that the court's recollection of events was not binding upon them. This part of the charge did not demonstrate mistrust, skepticism, bias or convey an impression that the court had an opinion in the matter. Therefore, the plaintiff's challenge to the trial court's statements concerning certain testimony does not require reversal *(see, Gordon v Kaufman,* 112 AD2d 350; *cf. Theodoropoulos v New York City Health & Hosps. Corp.,* 90 AD2d 792).

The plaintiff's remaining contentions are either not preserved for our review or without merit. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.