■ In the Matter of DIANE MURRAY, as Voluntary Administratrix of the ESTATE OF ALEXANDRA V. SMEATON, Also Known as ALICE V. SMEATON, Deceased, Appellant, v JOANNE SMITH et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: The trial court properly permitted respondent Carl Smith to testify about a conversation with the deceased in which she told him that she intended to give respondent Joanne Smith a gift of funds from a savings account. The testimony was not barred by the Dead Man's Statute because there was no showing that Mr. Smith was "a person interested in the event" (CPLR 4519). A spouse of an interested party is not necessarily disqualified from testifying against the estate *(see, Laka v Krystek,* 261 NY 126, 130; *Matter of Mead,* 129 AD2d 1008, *lv denied* 70 NY2d 609). On this record the deposit of the funds in a joint savings account did not establish that Mr. Smith was an interested party within the meaning of the statute because it was done for

convenience (see, Matter of Friedman, 104 AD2d 366, 367, affd 64 NY2d 743). Moreover, there was no proof that Mr. Smith received any money from the account during the period it was jointly held. Thus, petitioner failed to establish that Mr. Smith had a present, certain and vested interest in the event (see, Friedrich v Martin, 294 NY 588, 595). The court's finding that decedent intended the money as a gift, based upon Mr. Smith's testimony, is supported by the evidence and the court's conclusion that the assets did not constitute part of the estate must be affirmed. (Appeal from judgment of Cayuga County Surrogate's Court, Contiguglia, S.—recover estate property.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.