■ DOMENICO SCHIRALDI et al., Respondents, v U.S. MINERAL PRODUCTS et al., Defendants, and W.R. GRACE & CO.-CONN., Appellant. [599 NYS2d 572] —Order, Supreme Court, New York

County (Helen E. Freedman, J.), entered June 5, 1992, which denied defendant-appellant's motion for summary judgment pursuant to CPLR 3212 with leave to renew at the conclusion of plaintiffs' case, unanimously reversed, on the law, without costs or disbursements, and the motion granted.

Plaintiff, a 65 year-old carpenter, brought this action against various defendants for damages resulting from his exposure to asbestos. In his answers to interrogatories, although he identified various products to which he had been exposed, he failed to list any product manufactured by appellant. At his examination before trial, although specific on his work history with asbestos-containing products, he did not testify to exposure to any product manufactured by appellant or to any type of spray fireproofing material.

Appellant moved for summary judgment on the ground that there was no evidence that plaintiff had been exposed to any fibers released from an asbestos-containing product manufactured by appellant. Plaintiff Domenico Schiraldi then submitted an affidavit that in the course of his employment "in the 1960's and 1970's, on several jobsites" he was exposed to asbestos dust during the application of a spray called Monokote. Monokote, an asbestos-containing product, was produced by appellant from 1963 to 1973 (and by Zonolite Company from 1959 to 1963).

Plaintiff's affidavit was clearly conclusory. No evidentiary facts were averred showing the circumstances of such exposure or its likelihood (see, Indig v Finkelstein, 23 NY2d 728, 730). A party opposing a motion for summary judgment must " 'assemble, lay bare, and reveal his proofs in order to show his defenses are real and capable of being established on trial * * * and it is insufficient to merely set forth averments of factual or legal conclusions' " (Tobron Off. Furniture Corp. v King World Prods., 161 AD2d 355, 357). Plaintiff argues that appellant itself failed to make a prima facie showing that it was entitled to such relief. The affidavit in support of appellant's motion with its exhibits clearly showed, however, that there was in plaintiff's answers to interrogatories and plaintiff's deposition a lack of any testimony alleging exposure to appellant's products. The absence of such proof established appellant's facial nonliability and shifted to plaintiff the burden of demonstrating by admissible evidence the existence of a factual issue requiring a trial of the action or of tendering an acceptable excuse for his failure to do so (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967-968). Plaintiff's

affidavit was his third opportunity, after his answers to interrogatories and after his deposition, to demonstrate the existence of such a factual issue for appellant to address. His identification of other manufacturers of products he had used on specific jobs contrasts with his continued vagueness regarding appellant's product. Concur—Murphy, P. J., Carro, Wallach, Kassal and Nardelli, JJ.