■ Donald Smith et al., Appellants, v Patricia A. Kuhn, Respondent. [634 NYS2d 167] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Nassau County (Adams, J.), entered December 7, 1993, which is in favor of the defendants and against them, and (2) an order of the same court, dated January 10, 1994, which denied their motion pursuant to CPLR 4404 (a) to set aside the verdict.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of the determination of the appeal from the judgment.

The then 12-year-old infant plaintiff, Donald Smith, was injured when he stepped on a pool skimmer lid at the home of his grandmother, Julia A. Brennan, and the lid flipped up, striking him in the groin. The infant plaintiff and his father commenced this action against Brennan, who died prior to the trial. The jury found in favor of the defendant, Brennan's personal representative, on the issue of liability. We agree with the plaintiffs that certain erroneous evidentiary rulings by the Supreme Court warrant a new trial.

The plaintiffs attempted to introduce testimony of the infant plaintiff's brother regarding a conversation he had with Brennan several hours after the accident in which she indicated that she was aware of a similar problem with the skimmer lid

in the past. We conclude that the Supreme Court erred in precluding such testimony, as Brennan's statements constituted an admission *(see, Reed v McCord,* 160 NY 330; *Hawkins v Unterborn,* 48 AD2d 176; Richardson, Evidence § 211 [Prince 10th ed]).

Moreover, this testimony was not barred by the Dead Man's Statute because the infant plaintiff's brother was not a person "interested in the event" (CPLR 4519; *see, Duncan v Clarke,* 308 NY 282; *Matter of Murray v Smith,* 155 AD2d 963). The test of the interest of a witness is whether the witness will gain or lose by the direct legal operation and effect of the judgment or that the record will be legal evidence for or against the witness in some other action *(see, Hobart v Hobart,* 62 NY 80, 83; *see also, Duncan v Clarke, supra;* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4519:2, at 167-168). Any general interest that the infant plaintiff's brother may have in the outcome of the case would go to his credibility but would not preclude testimony about his conversation with Brennan *(see, Hobart v Hobart, supra; Duncan v Clarke, supra).*

We further conclude that the trial court erred in precluding the plaintiffs from introducing Brennan's handwritten answers to interrogatories. Since the plaintiffs served the interrogatories, Brennan's answers were admissible under the admissions exception to the hearsay rule *(see, United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254, 264; *Bigelow v Acands, Inc.,* 196 AD2d 436).

The plaintiffs are entitled to a new trial because the exclusion of this evidence was not harmless *(see, Cotter v Mercedes-Benz Manhattan,* 108 AD2d 173, 180). Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.