■ THOMAS R. MAIO et al., Appellants, v NICHOLAS GARDINO et al., Respondents. [700 NYS2d 509] —Mugglin, J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 3, 1998 in Schenectady County, which, *inter alia*, granted defendants' motion to dismiss the complaint as time barred.

In May 1989, plaintiffs, as executors and distributees of their mother's estate, instituted an action against defendant Nicholas Gardino (hereinafter defendant) to recover sums due under an agreement between their mother, Jeanette Paige, and defendant, her brother. As set forth in our decision upon a prior appeal in that action (*Maio v Gardino*, 184 AD2d 872), Paige and her three siblings (including defendant) each inherited a one-quarter share of their father's real property consisting of a house and 24 acres of land in the Town of Colonie, Albany County. In 1967, Paige and defendant entered into a written agreement whereby Paige transferred her one-quarter interest in said property to defendant in consideration of his payment to her of $7,000 in 1967 and, upon the sale of his interest in the property, one half of the proceeds thereof exceeding $7,000, with certain adjustments for interest, taxes and expenses. Defendant subsequently conveyed his interest in the property in three separate transactions, one in 1977 and two in 1988, for total consideration of approximately $261,000. Following Paige's death in November 1987, plaintiffs demanded her one-half share of the sale proceeds, and upon defendant's refusal to pay commenced the aforementioned action in May 1989. On

the prior appeal, we determined that plaintiffs were entitled to summary judgment and remitted the matter to Supreme Court for a determination of the specific monetary amount constituting one half of the net proceeds of the sales. Judgment was eventually granted in favor of plaintiffs against defendant in the amount of $189,654.72 on December 3, 1997 (id., at 874).*

Relevant to the instant appeal, one parcel of the land subject to the agreement between Paige and defendant was sold by defendant in 1988 to New Hope Gospel Fellowship for the sum of $150,000, for which defendant took back a purchase money mortgage in the amount of $115,000. In March 1989, defendant assigned this purchase money mortgage to defendants Lois Lansing and Jean Adams for the sum of $10. Three months after the entry of the judgment in their favor, plaintiffs commenced the instant action against defendant, Lansing and Adams seeking to set aside defendant's assignment to Lansing and Adams as a fraudulent conveyance so as to enable plaintiffs to satisfy a portion of their judgment against him.

Before answering, defendants moved to dismiss the complaint on the ground that plaintiffs' action was based on fraud that had allegedly occurred in 1989 and was thus barred by the six-year Statute of Limitations (see, CPLR 213 [8]). Opposing the motion, plaintiffs maintained that their action was in the nature of an enforcement proceeding and thus subject to either the 10-year limitations period of CPLR 5203 or the 20-year limitations period in CPLR 211 (b). Plaintiffs also cross-moved for an order compelling the New Hope Gospel Fellowship to place future mortgage payments in escrow. Determining that plaintiffs' complaint sounded in fraud and was not an action to enforce a judgment, Supreme Court denied plaintiffs' cross motion and dismissed the complaint as time barred. This appeal by plaintiffs ensued.

Whether this action is viewed as one to set aside a fraudulent conveyance or as one to enforce a money judgment, there must be an affirmance of the dismissal of this complaint. The 10 or 20-year Statute of Limitations relied on by plaintiffs (with certain exceptions not herein germane) do not operate to make ineffective the transfer by the judgment debtor of an interest in real property until the docketing of the judgment or from the filing of a notice of levy pursuant to an execution until the execution is returned (see, CPLR 5203 [a]; 211 [b]). As noted, the judgment was docketed December 3, 1997. The interest in property which plaintiffs seek to reach involves a

---

* Our decision on the prior appeal was rendered in June 1992; the reason for the 5½-year delay is not apparent from the record.

mortgage assigned by defendant, the judgment debtor, on March 3, 1989. The record is devoid of any proof that defendant has a current interest in the mortgage, and such an interest would only arise upon a determination that the assignment was fraudulent as to plaintiffs, the judgment creditors. The six-year Statute of Limitations found in CPLR 213 (8) is a bar to this claim (*see, Siegman v Rosen*, 248 AD2d 180). Since the core relief that plaintiffs seek, regardless of how the pleading is viewed, is to set aside this assignment of mortgage as fraudulent, Supreme Court correctly dismissed the complaint as time barred.

Crew III, Yesawich Jr. and Spain, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent.

A fair reading of plaintiffs' complaint under the relaxed standards governing CPLR 3211 dismissal motions supports plaintiffs' position that the purpose of the action is to enforce their judgment by setting aside the claimed fraudulent conveyance or, alternatively, permitting them to attach the payments received by defendants Lois Lansing and Jean Adams thereunder. The majority holds, however, that even if plaintiffs' action is viewed as one to enforce a money judgment, it is time barred. I disagree.

The fact that the equitable relief sought by plaintiffs implicates application of the provisions of Debtor and Creditor Law article 10 pertaining to fraudulent conveyances does not render the action based on fraud requiring application of the six-year Statute of Limitations. In a like situation presented in *Altman v Finkel* (268 App Div 666, *affd* 295 NY 651), the Court observed that "[t]he present action is not one brought under article 10 of the Debtor and Creditor Law, *although [that law] states the rule of law applicable to the rights of a subsequent creditor*" (*id.*, at 671-672 [emphasis supplied]). While the majority cites *Siegman v Rosen* (248 AD2d 180) in support of its holding, I believe that case supports a contrary determination. In *Siegman v Rosen* (*supra*), the First Department held that "[t]he six-year Statute of Limitations for claims for fraudulent conveyances is not applicable to and, accordingly, should not have been invoked to preclude proof relevant to, that aspect of plaintiff petitioner's 'suit in aid of execution to discover assets for the purpose of producing satisfaction' for a judgment * * * A suit in aid of execution is a separate cause of action brought pursuant to CPLR 5227, not the Debtor and Creditor Law * * * [which] does not and indeed cannot accrue until judgment is entered against the debtor" (*id.*, at 180, quoting *Altman v Finkel, supra,* at 671-672; *see generally*, Siegel, Practice Com-

mentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5225:7, at 267-268).

I would therefore hold that plaintiffs' action was timely commenced and reinstate the complaint, noting that once characterized as an enforcement proceeding, Supreme Court would be empowered to grant plaintiffs the right to escrow mortgage payments against defendants without reaching the question of their right to escrow such payments vis-à-vis the New Hope Gospel Fellowship.

Ordered that the order is affirmed, with costs.