■ FRANK TROTTI et al., Doing Business as GRANDJULA, Respondents, v ESTATE OF LYNN P. BUCHANAN, Deceased, et

al., Appellants. [706 NYS2d 534] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Pulver, Jr., J.), entered January 8, 1999 in Columbia County, upon a decision of the court in favor of plaintiffs.

Plaintiffs were the owners and operators of a grocery store in the Town of Germantown, Columbia County known as Grandjula. Lynn Palazzo Buchanan (hereinafter decedent) was a credit customer at plaintiffs' business from 1986 until her death on March 25, 1994, leaving an account balance of $95,895.33.

In March 1997 plaintiffs commenced this action against defendants to recover the account balance and for judgment setting aside certain alleged fraudulent conveyances from decedent to her children which rendered her and, subsequently, her estate insolvent. Pursuant to defendants' motion to dismiss the complaint, Supreme Court (Connor, J.) dismissed the action against decedent's estate since no estate proceeding had been commenced nor any representative appointed. The action proceeded to trial against the individual defendants before Supreme Court without a jury. Supreme Court granted judgment to plaintiffs in the sum of $95,895.33 plus interest from February 15, 1995 and set aside, as fraudulent, the conveyances made by decedent to her children in 1995 prior to her death. Defendants now appeal.

We affirm. Defendants' primary contention on appeal is that Supreme Court erred in admitting into evidence the charge slips and ledger papers representing the credit account of decedent. Defendants argue that plaintiffs ran a grocery store and not a lending institution, and that the purported records of decedent's credit account could not be considered records made in the regular course of a grocery store business nor could it be considered to be the regular course of a grocery store business to make such records. The record reveals that the testimony of the owner, plaintiff Maria Trotti, and that of her son and employee, Joseph Trotti, was sufficient to establish a proper foundation that the charge slips and ledger papers were kept regularly, systematically, routinely and contemporaneously, and that Supreme Court properly received them in evidence as business records (see, CPLR 4518; *People v Kennedy*, 68 NY2d 569, 579-580; *William Conover, Inc. v Waldorf*, 251 AD2d 727, 728).

Additionally, defendants claim that plaintiffs' business records were improperly authenticated solely by the testimony of interested witnesses concerning a transaction with decedent in violation of CPLR 4519. Joseph Trotti cannot be said to be a "person interested in the event," and the fact that he is

plaintiffs' son goes to the weight that the trier of fact will give to such testimony and not its admissibility (CPLR 4519; *see, Laka v Krystek*, 261 NY 126, 130; *Murray v Smith*, 155 AD2d 963). Likewise, Maria Trotti's testimony concerning the authentication of her business records consisted of her description of the manner and method of recording store credit transactions, an independent act which cannot be considered testimony "concerning a personal transaction or communication" with decedent (CPLR 4519; *see, Matter of Tremaine*, 156 AD2d 862, 863; *Mantha Co. v De Graff*, 242 App Div 666, *affd* 266 NY 581).

Defendants' other contention raised on appeal, that Supreme Court improperly allowed Maria Trotti to testify to a conversation with decedent concerning decedent's promise to pay her credit account, is without merit as Supreme Court sustained defendants' objection to such testimony.

Spain, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.