■  In the Matter of SHEILA WASHINGTON, Appellant, v BOBBY FIELDS, Respondent, and EDITH FIELDS, Respondent. [722 NYS2d 247] —In a proceeding pursuant to Family Court Act article 5 for an order of filiation, the petitioner appeals from an order of the Family Court, Kings County (Porzio, J.), dated December 17, 1999, which granted that branch of the motion of the respondent Edith Fields which was to dismiss the petition as untimely pursuant to Family Court Act § 517.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for a hearing on the issue of whether the proceeding was timely commenced to Family Court Act § 517.

The petitioner, Sheila Washington, commenced the instant proceeding at the age of 25, after the death of her putative father, Bobby Fields, to obtain an order of filiation to facilitate her application for Social Security disability benefits. The decedent's widow, Edith Fields, moved to dismiss the petition on the ground, among others, that the proceeding was untimely pursuant to Family Court Act § 517. That statute provides that a paternity proceeding "shall not be brought after the child reaches the age of twenty-one years, unless paternity has been acknowledged by the father in writing or by furnishing support." A hearing was held to determine whether the decedent had furnished support, as the petitioner had no proof in writing that he had acknowledged her as his daughter. At the hearing, the petitioner sought to present her own testimony and that of her mother on the issue. The court precluded their testimony as barred by CPLR 4519 (the Dead Man's Statute) on the ground that they were parties interested in the outcome of the action, and dismissed the petition as untimely.

We agree with the petitioner's contention that the court

improperly applied CPLR 4519. A hearing to determine whether the action was untimely does not constitute a "trial of an action or the hearing upon the merits of a special proceeding" pursuant to CPLR 4519. Moreover, the petitioner's mother is not a "person interested in the event" within the meaning of CPLR 4519 (*see, Smith v Kuhn,* 221 AD2d 620; *Matter of Murray v Smith,* 155 AD2d 963). To the extent that the testimony of the petitioner and her mother may constitute pedigree testimony, it is admissible as an exception to the hearsay rule (*see, Lancaster v 46 NYL Partners,* 228 AD2d 133, 140; *see also, Matter of Anne R. v Estate of Francis C.,* 234 AD2d 375; *Ferro v Bersani,* 78 AD2d 1010, *affd* 59 NY2d 899).

Accordingly, the petition is reinstated and the matter is remitted to the Family Court, Kings County, for a hearing on the issue of whether the proceeding is untimely pursuant to Family Court Act § 517.

In view of our determination, we need not reach the petitioner's remaining contentions. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.