In the Matter of EIGHTH JUDICIAL DISTRICT ASBESTOS LITIGATION. MATTHEW F. GORZKA et al., Appellants, v INSULA-TION DISTRIBUTORS, INC., Respondent, et al., Defendants. [814 NYS2d 479]—

Appeal from an order of the Supreme Court, Niagara County (James B. Kane, Jr., J.H.O.), entered December 3, 2004 in a personal injury action. The order granted the motion of defendant Insulation Distributors, Inc. for summary judgment dismissing the amended complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Matthew F. Gorzka (plaintiff) as the result of his exposure to asbestos-containing products at his workplace. Supreme Court properly granted the motion of defendant Insulation Distributors, Inc. (IDI) seeking summary judgment dismissing the amended complaint and cross claims against it. IDI met its initial burden of establishing its entitlement to judgment by establishing that plaintiffs did not identify IDI as a supplier of any asbestos-containing products to which plaintiff was exposed (*see Diel v Flintkote Co.*, 204 AD2d 53, 54 [1994]; *Schiraldi v U.S. Min. Prods.*, 194 AD2d 482, 483 [1993]). Indeed, the failure of plaintiffs to name IDI as a supplier in their response to interrogatories constitutes an admission that IDI was not a source of an asbestos-containing product to which plaintiff was exposed (*see Bigelow v Acands, Inc.*, 196 AD2d 436, 439 [1993]; *see also United Bank v Cambridge Sporting Goods Corp.*, 41 NY2d 254, 264 [1976]; *Smith v Kuhn*, 221 AD2d 620 [1995]), and IDI thus established that plaintiffs' action against it has no merit (*see generally* CPLR 3212 [b]). The evidence submitted by plaintiffs in opposition to the motion establishing that IDI supplied asbestos-containing products to plaintiff's employer is insufficient to create a reasonable inference that IDI was a source of an asbestos-containing product to which plaintiff was exposed (*see Diel*, 204 AD2d at 54; *Schiraldi*, 194 AD2d at 483-484), and thus we conclude that plaintiffs failed to raise a triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.