■ WANDA DURAZINSKI, as Executor of HENRY DURAZINSKI, Deceased, Appellant, v JOSEPHINE CHANDLER, Respondent, et al., Defendant. [837 NYS2d 775]—

Mugglin, J. Appeal from an order of the Supreme Court (Pulver, Jr., J.), entered August 23, 2006 in Greene County, upon a decision of the court in favor of defendant Josephine Chandler.

In March 2003, Henry Durazinski,* father of defendant Josephine Chandler (hereinafter defendant), commenced this action seeking, among other things, to void a 1993 deed and to impose a constructive trust on purportedly conveyed property located in Palenville, Greene County. Durazinski purchased the property in February 1988 and, several months later, conveyed it to himself and defendant, as tenants in common. According to defendant, in order for her to take control of Durazinski's assets to avoid foreclosure of the property, he executed and delivered to defendant a general power of attorney in 1993. Using this power of attorney, defendant conveyed the property to herself, refinanced it and paid off Durazinski's debts. Supreme Court (Stein, J.) denied defendant's motion for summary judgment, finding that when Durazinski should have discovered any fraud was an issue of fact. At the conclusion of a bench trial, Supreme Court (Pulver, Jr., J.) ruled that the statute of limitations barred the causes of action asserted and dismissed the complaint. Plaintiff now appeals.

We affirm. The gravamen of the complaint is that the conveyance was fraudulently made by defendant and it is, therefore, governed by a statute of limitations which is the greater of six years from the date the cause of action accrued or two years from the time the plaintiff, or the person under whom the plaintiff claims, discovered the fraud or could with reasonable diligence have discovered it (see CPLR 213 [8]; *Maio v Gardino*, 267 AD2d 816, 818 [1999]). As this conveyance occurred in 1993, this 2003 action will be timely only if it is established that it was commenced within two years of when the fraud was discovered or could have been discovered. In an effort to estab-

* Durazinski died during the pendency of the action and the executor of his estate was substituted as plaintiff.

lish that the statute of limitations barred the complaint, defendant testified to a number of events from which Durazinski should have discovered the fraud. On this appeal, plaintiff maintains that defendant's testimony regarding these transactions was barred by the provisions of CPLR 4519, commonly known as the Dead Man's Statute, and, thus, Supreme Court erroneously overruled objections made on this basis. The Dead Man's Statute bars testimony from a person interested in the event or a person from, through or under whom such person derives his or her interest or title with regard to any personal transaction or communication with the decedent (see CPLR 4519; *Matter of Johnson*, 7 AD3d 959, 961 [2004], *lv denied* 3 NY3d 606 [2004]).

Although defendant is an interested party for purposes of application of the Dead Man's Statute, her testimony regarding events from which Durazinski should have discovered the alleged fraud were not personal transactions or communications that she had with him. Instead, defendant testified to independent events in which Durazinski interacted with third parties and from which he should have discovered the fraud. Accordingly, Supreme Court correctly overruled objections based on the Dead Man's Statute (see *Trotti v Estate of Buchanan*, 272 AD2d 660, 662 [2000]) and did not err in determining that this March 2003 action is time-barred because Durazinski should have discovered the fraud by no later than 1995.

The remaining issues raised by plaintiff are meritless. First, the power of attorney form used by Durazinski and defendant in 1993 comports with the statutory form then in effect (see General Obligations Law former § 5-1501). Additionally, the irregularities that plaintiff identifies as being a basis upon which to invalidate the power of attorney are insignificant and have no legal effect on its validity. Second, since the acknowledgment on the deed substantially complies with the statutory requirements, the deed is valid (see Real Property Law § 309-a [1]). Finally, defendant did not employ the power of attorney to make an impermissible gift of real property (see *Marszal v Anderson*, 9 AD3d 711, 712-713 [2004]; *Semmler v Naples*, 166 AD2d 751, 752 [1990], *appeal dismissed* 77 NY2d 936 [1991]). The record unequivocally establishes that the conveyance was in satisfaction of debts owed by Durazinski to defendant.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.