MAHMOUD DIARASSOUBA, Respondent, v SPENCER LUBIN et al., Appellants. [944 NYS2d 225]—

In an action to recover damages for medical malpractice, the defendants appeal from a judgment of the Supreme Court, Kings County (Weston, J.), entered September 9, 2010, which, upon a

jury verdict on the issue of liability, inter alia, finding the defendants each 35% at fault in the happening of the incident, and upon a jury verdict on the issue of damages awarding the plaintiff the principal sums of $800,000 for past pain and suffering and $650,000 for future pain and suffering, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

Following an orthopedic surgery, during which the plaintiff's right leg was suspended in a leg holder without any adjustment for approximately 10 hours, the plaintiff experienced pain, burning, and numbness in his right calf and foot, which was diagnosed as, inter alia, reflex sympathetic dystrophy (hereinafter RSD). The plaintiff's RSD is permanent and chronic.

The plaintiff commenced the instant action against the surgeon who performed the surgery, as well as the two defendant anesthesiologists who participated in the operation. The first trial of the matter resulted in a jury verdict in favor of the plaintiff, which was reversed by this Court on the appeal of the anesthesiologists in light of certain trial errors; this Court granted a new trial to the surgeon and the anesthesiologists (*see Diarassouba v Urban*, 24 AD3d 602 [2005]). The surgeon settled with the plaintiff prior to the second trial. The surgeon was, thus, dismissed from the action, and his name was deleted from the caption. The second trial, which is the subject of this appeal, also resulted in a jury verdict in favor of the plaintiff. The jury found that the malpractice of both the surgeon and the anesthesiologists was a substantial factor in causing the plaintiff's injuries, found the surgeon 30% at fault for the plaintiff's injuries, and found the anesthesiologists each 35% at fault for the plaintiff's injuries. The jury awarded the plaintiff $800,000 for past pain and suffering and $650,000 for future pain and suffering.

Contrary to the anesthesiologists' contention, the plaintiff presented legally sufficient evidence to support the verdict. A valid line of reasoning could lead rational people to conclude that the anesthesiologists' failure to reposition the plaintiff's right leg during the surgery proximately caused his injuries, that his injuries were permanent in nature (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]), and that this failure constituted a departure from accepted medical practice (*see Prete v Rafla-Demetrious*, 224 AD2d 674, 675 [1996]; *Bloom v City of New York*, 202 AD2d 465 [1994]). Moreover, the verdict was not contrary to weight of the evidence (*see Dupree v Giugliano*, 87 AD3d 975, 976 [2011]; *Jones v Schockett*, 109 AD2d 821, 822 [1985]).

When considered in context, the comments made by the plaintiff's counsel during summation were within the bounds of the wide latitude allowed to counsel during summation, and did not deprive the anesthesiologists of a fair trial (*see Braun v Ahmed*, 127 AD2d 418, 421-422 [1987]).

On the facts of this case, it cannot be said that the jury's awards for past or future pain and suffering were excessive, since they did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The anesthesiologists' remaining contentions are without merit. Rivera, J.P., Chambers, Austin and Roman, JJ., concur.