Plaintiffs attempt to hold defendant Colgate-Palmolive liable for the alleged presence of mesothelioma-causing asbestos in the consumer cosmetic talcum powder product called “Cashmere Bouquet.” The IAS court providently exercised its discretion in consolidating these actions for joint trial, as they involve common questions of law and fact (see CPLR 602 [a]; Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases], 188 AD2d 214, 224-225 [1993], affd 82 NY2d 821 [1993]).
Defendant has not established that it will be prejudiced by consolidation of the cases. Contrary to defendant’s contention, these cases do not present a novel scientific theory. Indeed, that a link has not yet been established between consumer talcum powder and mesothelioma-causing asbestos does not render plaintiffs’ theory an immature tort, particularly where the link has been established in the use of industrial talc (see e.g. R.T. Vanderbilt Co., Inc. v Franklin, 290 SW3d 654 [Ky Ct App 2009]).
We reject defendant’s contention that separate trials are required because a different state’s law will apply to each plaintiff. Defendant has not yet asked the IAS court to undertake a choice-of-law analysis on the issue of causation; thus, it would be premature to deny the motion on this ground. *411 In any event, even if the IAS court concludes that the laws of the different states must apply to the different plaintiffs, New York, Oregon, and Florida (the states at issue) have the same standard with regard to proving causation in asbestos-exposure cases (see e.g. Diel v Flintkote Co., 204 AD2d 53, 54 [1994]; Purcell v Asbestos Corp., Ltd., 153 Or App 415, 422-423, 959 P2d 89, 94 [1998], lv denied 329 Or 438, 994 P2d 126 [1999]; Reaves v Armstrong World Indus., Inc., 569 So 2d 1307, 1309 [Fla Dist Ct App 1990], lv denied 581 So 2d 166 [Fla 1991]). Moreover, defendant has not demonstrated why the purported differences in the various states’ laws cannot be cured with appropriate jury instructions.
Nor are separate trials required because of factual differences in plaintiffs’ cases. The individual issues do not predominate over the common questions of law and fact — namely, whether asbestos was present in the consumer talcum product used by plaintiffs and whether defendant should have been aware of its presence. Under these circumstances, the IAS court rightly concluded that the facts here are on all fours with the criteria set forth in Malcolm v National Gypsum Co. (995 F2d 346, 350-352 [2d Cir 1993]), as there is a common disease, a common defendant and a common type of exposure by the three plaintiffs.
We have considered defendant’s remaining arguments and find them unavailing. Concur — Sweeny, J.P, Catterson, Acosta, Freedman and Román, JJ.