Earl v City of New York (2026 NY Slip Op 00082)

Earl v City of New York

2026 NY Slip Op 00082

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P. SEQ CHAPTER \h \r 1, Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Index No. 154652/19|Appeal No. 5564|Case No. 2024-06915|

[*1]Nefertiti Earl, etc., Respondent,
vThe City of New York, et al., Appellants, Little Treasures—Petits Tresors, et al., Defendants.

Muriel Goode-Trufant, Corporation Counsel, New York (ChloÉ K. Moon of counsel), for City of New York, appellant.
Garson, Jakub & Morris LLP, New York (Andrew M. Harrison of counsel), for Aisha Brownlee, appellant.
Sullivan Papain Block McManus Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for respondent.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered October 22, 2024, which denied the motions of defendants Aisha Brownlee and The City of New York for summary judgment dismissing the complaint against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
Defendant Aisha Brownlee demonstrated prima facie entitlement to summary judgment dismissing the complaint against her through the affidavit of an infectious disease physician who averred that Brownlee, an early intervention therapist, did not expose the infant to the virus that caused his death (see generally Diel v Flintkote Co ., 204 AD2d 53, 54 [1st Dept 1994]). Plaintiff testified that the infant's symptoms began on March 1, which was the day before the session during which plaintiff claims Brownlee was coughing. Even if we were to disregard plaintiff's own testimony and admissions, and assume that the infant's symptoms began later on the same day when that session was held, the infant's illness could not have been caused by contact with Brownlee. Brownlee's expert averred that the virus at issue has an incubation period of five to seven days. Plaintiff's claim that the exposure could have occurred at an earlier visit is unsupported by the record. Notably, plaintiff did not proffer an expert to contradict Brownlee's expert on the incubation period of the virus.
In light of the fact that plaintiff failed to raise an issue of fact in support of her theory that the infant's virus was caused by Brownlee, the complaint against the City, which administers the early intervention services program, should also be dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026