■ FRANK DABENIGNO, Individually and as Administrator of the Estate of JAMES DABENIGNO, Deceased, Appellant, v SUNBEAM CORPORATION et al., Respondents. [628 NYS2d 636] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 16, 1994, which, inter alia, granted defendants' respective motions for summary judgment dismissing the complaint, unanimously reversed, to the extent appealed from, as limited by the parties' briefs, on the law, to reinstate the

negligence claim against defendants Sunbeam and Pergament, based upon a theory of failure to warn, without costs.

Defendants Sunbeam's and Pergament's affidavits in support of their motions for summary judgment were insufficient to prove, as a matter of law, that this manufacturer and retailer had each discharged its independent duty to exercise reasonable care to inform a product user of the dangers attendant to this propane gas grill (*see, Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55, 64-65).

Although there is no duty on the part of a manufacturer or retailer to warn a customer about obvious hazards, here, knowledge of the propensity of propane, a gas heavier than air, to accumulate from ground level upward in a partially screened area cannot be assumed. This hazard was not manifest, and the reasonableness of the warnings, if any, provided by these defendants, is an issue of fact to be submitted to a jury.

We have considered and rejected the parties' additional claims. Concur—Rosenberger, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.