(January 11, 2000)

■ ANDREW ROGERS, as Administrator of the Estate of CATHERINE DAY, Deceased, et al., Respondents, v SEARS, ROEBUCK AND Co., Appellant, et al., Defendants. RUSSELL BREER et al., Respondents, v SEARS, ROEBUCK AND Co., Appellant, et al., Defendants. GOVERNMENT EMPLOYEES INSURANCE COMPANY, as Subrogee of ANDREW ROGERS, Administrator of the Estate of CATHERINE DAY, Deceased, Respondent, v SEARS, ROEBUCK AND Co., Appellant, et al., Defendants. (And Another Action.) [701 NYS2d 359] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about January 4, 1999, which, insofar as appealed from, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The action arises out of an explosion and fire that occurred when one of the plaintiffs attempted to replace an empty propane gas tank with a filled one, which tank was necessary to operate the barbecue grill that appellant sold to the decedent, and which the decedent kept in a semi-enclosed outdoor porch. The motion was properly denied on the ground that an issue of fact exists as to whether appellant's warning to store and use the grill only outdoors in a well-ventilated area was adequate to advise the decedent of the dangers of explosion and fire presented by her storage and use of the grill on her porch. "Failure-to-warn liability is intensely fact-specific",

including such issues as obviousness of the risk and proximate cause (*Liriano v Hobart Corp.*, 92 NY2d 232, 243). "Although there is no duty on the part of a manufacturer or retailer to warn a customer about obvious hazards, here, knowledge of the propensity of propane, a gas heavier than air, to accumulate from ground level upward in a partially screened area cannot be assumed. This hazard was not manifest, and the reasonableness of [appellant's] warnings * * * is an issue of fact to be submitted to a jury." (*DaBenigno v Sunbeam Corp.*, 216 AD2d 248, 249.) Furthermore, even assuming the accident was caused by a defect in a valve incorporated into a propane tank neither of which appellant manufactured, we are unpersuaded by appellant's argument that it was under no duty to warn of the dangers presented by such a defect, where its grill could not be used without the tank, and where its own warning to use the grill only outdoors was itself recognition of the danger of gas emission inherent in the use of the grill regardless of any defects (*compare, Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 297-298). We have considered appellant's other arguments and also find them unpersuasive. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.