■ TIMOTHY DEGROAT et al., Respondents, v CONSOLIDATED RAIL CORPORATION et al., Defendants. NOLAN PRODUCTS, INC., et al., Third-Party Plaintiffs, v SIMON DUPLEX, INC., Third-Party Defendant-Appellant. (And Another Action.) [748 NYS2d 591] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 29, 2002, which, insofar as appealed from as limited by the briefs, denied third-party defendant-appellant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It appears that appellant manufactured a hydraulic car mover, known as a "tugger," that plaintiff, a fuel handler employed at a coal yard, operated in the course of emptying coal from rail cars onto conveyer belts. A part of the tugger known as the "dog" is a tuning fork-shaped object that rises to engage a rail car and move it along the track. Plaintiff was injured when he used his foot to raise the dog because it did not rise up by itself, and his foot got caught between the dog and the car. According to plaintiff, he was instructed to use some tool or body part, such as a hand or foot, in the event the dog did not rise up by itself, and that he had been using his foot to do so about twice a day for more than a year because of frequent failure of the dog to engage the car. Plaintiff also submitted an expert's affidavit stating that the tugger was

defective in that it lacked guards preventing access to its "foreseeably hazardous entrapment areas," and that there should have been warnings on the equipment and in the operating manual regarding these "entrapment hazards."

We reject appellant's argument that, as a matter of law and regardless of any defects, no reasonable person would put his foot on a moving tugger. Accepting as true plaintiff's allegations that he was trained to use his foot to raise a dog that does not rise by itself, and, like his coworkers, regularly did so for a long period of time with no untoward consequences, issues of fact exist as to whether the dog was defective, whether the dangers of using a hand or foot to raise a dog that does not rise by itself are obvious, and whether appellant should have anticipated such use of hands and feet and issued warnings against it (*see Liriano v Hobart Corp.*, 92 NY2d 232, 237; *DaBenigno v Sunbeam Corp.*, 216 AD2d 248; *Power v Crown Equip. Corp.*, 189 AD2d 310, 313). Concur—Williams, P.J., Buckley, Sullivan and Lerner, JJ.