DECISION
Before this court is defendant Buffalo Pumps, Inc.'s (Buffalo) motion for summary judgment pursuant to Super. R. Civ. P. 56. The plaintiff objects to the motion.
 Facts and Travel
On May 2, 2006, George Lindquist (Mr. Lindquist) and his wife, Najala Lindquist (Mrs. Lindquist or Plaintiff), filed a lawsuit in this Court to recover damages they allege to have suffered as a result of Mr. Lindquist's exposure to asbestos at work. Mr. Lindquist died subsequent to the filing of the suit and Mrs. Lindquist was appointed the estate representative. In the complaint, the Lindquists allege, inter alia, that Mr. Lindquist was exposed to asbestos while he worked at the Norton Company (Norton) during the 1960's and 1970's. While at Norton, one of Mr. Lindquist's duties was to change the packing and the gaskets located in and connected to the pumps manufactured by Buffalo. The plaintiff alleges that Buffalo had a duty to warn of the reasonably foreseeable dangers related to the use and maintenance of these pumps (including dangers posed by asbestos-containing materials used in conjunction with the pump) and that it failed to do so. They argue this failure contributed to Mr. Lindquist's personal injuries.
In its Motion for Summary Judgment, Buffalo argues that plaintiff has not offered any evidence that Mr. Lindquist was exposed to an asbestos-containing product manufactured by Buffalo, and that it cannot be held responsible for injury caused by products manufactured by another company. Buffalo also argues it cannot be liable for injury caused by the complex piping system when it had no involvement in designing or constructing the system. In addition, Buffalo contends that, as plaintiff's claims are derivative of Mr. Lindquist's personal injury claims, they should be barred as well.
The plaintiff agrees that a manufacturer generally does not have to warn of reasonably foreseeable dangers posed by another manufacturer's product. However, they argue that a seller's duty to warn of reasonably foreseeable dangers arising from the use of its product extends to dangers posed when the product is combined with another product. In addition, the plaintiff contends that the duty to warn includes dangers which occur when component parts of the product are replaced or removed during maintenance or service. They argue that Buffalo had a duty to warn because it intended for asbestos-containing products to be used with their pumps and it knew that the servicing and maintenance of the pumps would require exposure to asbestos-containing products.
 Standard of Review
"Summary judgment is appropriate when, viewing the facts and all reasonable inferences there from in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Tavares v. Barbour, 790 A.2d 1110, 1112 (R.I. 2002) (quoting Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126 (R.I. 2001)). "Although the moving party bears the initial burden of establishing that no genuine issue of material fact exists for a finder of fact to resolve . . . it can carry this burden successfully by submitting evidentiary materials, such as interrogatory answers, deposition testimony, admissions, or other specific documents, and/or pointing to the absence of such items in the evidence adduced by the parties." Heflin v. Koszela, 774 A.2d 25, 29 (R.I. 2001) (quoting Doe v. Gelineau, 732 A.2d 43, 48 (R.I. 1999)). "If the moving party satisfies this burden, the nonmoving party then must identify any evidentiary materials already before the court and/or present its own competent evidence demonstrating that material facts remain in genuine dispute."Id. The nonmoving party can meet this burden through affidavits or other evidence, but may not rely upon mere allegations or conclusions.Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998) (citingSt. Paul Fire Marine Ins. Co. v. Russo Bros., Inc., 641 A.2d 1297,1299 (R.I. 1994)). If the nonmoving party can demonstrate that an issue of material fact exists, the motion will be denied. Palmisciano v.Burrillville Racing Ass'n, 603 A.2d 317, 320 (R.I. 1992) (citingEvans v. Liguori, 118 R.I. 389, 394, 374 A.2d 774, 776 (1977)).
 Analysis
At issue is whether Buffalo's duty to warn extended to the dangers posed by asbestos fibers released during the maintenance and service of its pumps. The plaintiff has put forth evidence to suggest that Buffalo knew that the packing and gaskets needed to render its product operable contained asbestos. They have submitted the affidavit of an expert witness, Frank Parker III, a Certified Industrial Hygienist in the Comprehensive Practice of Industrial Hygiene by the American Board of Industrial Hygiene and an engineer in Texas and California. He is also a Certified Safety Professional by the Board of Certified Safety Professionals. In his affidavit, Mr. Parker has stated that during the time period in question, the packing and gaskets used in industrial equipment generally contained asbestos, unless otherwise requested by consumer. He also stated that gaskets and packing are essential component parts of pumps, and that they are only useful for a limited period of time. Consequentially, they must be replaced often during the life of the pump.
The plaintiff, relying on Mr. Parker's affidavit, avers that Buffalo knew or should have known that asbestos gaskets and packing would be routinely installed in their product. In addition, they have proffered the deposition of Martin Kraft, corporate representative of Buffalo Pumps, to support their contention that, during the time period in question, Buffalo shipped its pumps completely assembled, containing either one or two asbestos gaskets and asbestos packing. The plaintiff has also submitted an instruction manual for Buffalo Pumps, which specifically states that, "unless otherwise stated, pumps are furnished with a top grade of square braided asbestos packing." The manual also contains instructions for replacing the packing and gaskets.
Under Rhode Island law, a seller must warn of reasonably foreseeable dangers posed by its products. Thomas v. Amway Corp., 488 A.2d 716, 722
(R.I. 1985). The question which remains before the Court, however, is whether Buffalo has a duty to warn of the danger posed by the replacement of the asbestos gaskets and packing of its pumps. InRogers v. Sears Roebuck Co., 268 A.D.2d 245, 701 N.Y.S. 2d. 359 (2000), the New York courts faced a similar situation. In that case, the court noted that the issue of failure to warn required a very fact specific inquiry, involving such issues as proximate cause and obviousness of the risk. Id. 268 A.D.2d at 246. In Rogers, the court found that a grill manufacturer had a duty to warn of proper ventilation where gas build up may occur from improper use or a defect in a valve on the tank, even though they did not manufacture the tank, noting that the grill could not be used without the tank. Id.
Similarly, in the instant case, the plaintiff, using Buffalo's own instruction manuals, have put forth evidence that the pumps cannot operate without packing and gaskets. There is evidence that Buffalo knew that the pumps it shipped included asbestos pumps and gaskets, and that it knew these components would have to be replaced over the course of the lifetime of the pump, releasing asbestos fibers. This evidence creates a triable issue of fact as to whether Buffalo knew or should have known of the dangers posed by its pumps when serviced in the manner intended, and whether it breached a duty when it did not warn of those dangers. Therefore, the Court is not persuaded by Buffalo's argument that, as a matter of law, it does not have a duty to warn of the dangers posed by its pumps when the pumps are maintained and serviced in the manner instructed by Buffalo itself.
Buffalo cites the case of Buonanno v. Colmar Belting Co., Inc.,733 A.2d 712 (R.I. 1999) to support its claim that it did not have a duty to warn because its pump was only part of a larger, complex system it did not design or construct. However, in that case, the Rhode Island Supreme Court found that because a pulley manufacturer was not responsible "for the anticipation of every conceivable design that may be utilized by a sophisticated assembler of a conveyor belt system, it should have no duty to warn, particularly in respect to conditions that are only created after the final product is assembled." Buonanno,733 A.2d at 719. However, the instant case presents a different situation. The plaintiff's evidence suggests that the manufacturer knew exactly how the pump would be used in relation to the packing and gaskets. Here, Buffalo is not being asked to "[anticipate] every conceivable design" in which its pump can be used; the alleged failure to warn results from the way the pump functioned in relation to the gasket and packing only, not the piping system as a whole. Due to the differences in the two cases, the Court is not persuaded by Buffalo's reliance on Buonanno.
 Conclusion
The Court finds that this case contains triable issues of fact in relation to Buffalo's duty to warn of the dangers posed by the asbestos gaskets and packing used in its pumps. Accordingly, Buffalo's Motion to Dismiss is denied.
Counsel shall prepare order for entry.