(April 14, 1994)

■ Barbara E. Cawein, as Executrix of Charles Cawein, Deceased, Respondent, v Flintkote Company, Appellant, et al., Defendants. [610 NYS2d 487] —Order, Supreme Court, New York County (Helen Freedman, J.), entered August 11, 1993 which denied defendant The Flintkote Company's motion for summary judgment on all claims asserted against it, unanimously reversed on the law, the motion granted, and the complaint dismissed as against defendant The Flintkote Company, without costs. The Clerk is directed to enter judgment in favor of appellant dismissing the complaint as against it.

Charles Cawein (Cawein) worked from 1959 to 1985 in floor tile factories as a laborer, foreman, and supervisor. His work exposed him to raw asbestos fiber, and in 1985 he was diagnosed with metastatic lung cancer. He died in 1987. His executrix has brought this action against various asbestos suppliers and against defendant The Flintkote Company (Flintkote). Asserting that it has no records of having ever supplied asbestos to Cawein's plant, Flintkote moved for summary judgment on all claims against it on the ground that plaintiff has failed to adduce any evidence that asbestos-containing products from Flintkote were used by or near Cawein.

The only showing that Flintkote inhalable asbestos fibers

were used in the tile plants in which Cawein worked was in an affidavit by a co-worker, John Cantwell, that he had seen a Flintkote bag or bags of fiber in the plant. He did not testify that he had ever seen a Flintkote bag opened or the fiber being used. It is not enough, however, that a bag or bags of Flintkote fiber be seen in the plant; it must be shown that plaintiff was exposed to asbestos fibers released from defendant's products *(see, Celotex Corp. v Catrett,* 477 US 317, 320). Flintkote, in its deposition of Mr. Cantwell and in its examination before trial of Mrs. Cawein, has shown this failure in plaintiff's allegations and plaintiff has not come forward with evidence of an evidentiary nature to demonstrate the presence of this issue or of any other triable issue *(see, Fried v Bower & Gardner,* 46 NY2d 765, 767; *Shepard Oil Co. v Ryan,* 62 AD2d 1074). Plaintiff has not presented evidentiary material creating a reasonable inference that Cawein inhaled asbestos fibers from a Flintkote product. Without some showing on this threshold question, there can be no possible finding of proximate cause in Flintkote's products. The cases involving this prerequisite are cases in Federal courts *(see, e.g., Menne v Celotex Corp.,* 861 F2d 1453, 1461-1462 [10th Cir]; *Blackston v Shook & Fletcher Insulation Co.,* 764 F2d 1480, 1481 [11th Cir]; *Pongrac v Consolidated Rail Corp.,* 632 F Supp 126 [ED Pa]). They illustrate, however, a specific application of the principle of *Fried v Bower & Gardner (supra)* and *Shepard Oil Co. v Ryan (supra).* Concur—Murphy, P. J., Kupferman, Asch and Nardelli, JJ.