■ LYDIA DIEL et al., Respondents, v FLINTKOTE COMPANY, Appellant, et al., Defendants. [611 NYS2d 519] —Order, Supreme Court, New York County (Helen E. Freedman, J.), entered August 17, 1993, which denied the defendant The Flintkote Company's motion for summary judgment dismissing the complaint against it, unanimously reversed, on the law, the motion is granted and the complaint against The Flintkote Company is dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint, without costs.

This action was clustered for trial with other actions alleging injuries suffered as a result of exposure to asbestos. The plaintiffs seek damages for personal injuries sustained by their decedent as a result of his purported exposure to asbestos fibers released from the defendant The Flintkote Company's products as well as from products made and distributed by other companies.

The plaintiffs alleged that during his work as a laborer in a floor tile factory from 1952 to 1984, the decedent handled asbestos and was exposed to asbestos fibers. He was diagnosed with lung cancer in 1982 and died in 1989.

The defendant Flintkote moved for summary judgment on the ground that no evidence had been adduced raising a triable issue of fact as to whether the decedent had been exposed to any asbestos fibers released from its products. Although in responses to interrogatories and in his examination before trial, the decedent identified several companies whose asbestos products he had been exposed to, he failed to mention Flintkote.

In opposition to the defendant's motion, the plaintiffs submitted the defendant's answers to interrogatories indicating that it had shipped sealed cans of asbestos products to the plant where the decedent worked during the 1970's. In supplemental opposition papers, the plaintiffs included an affidavit from an 81 year old former co-worker and supervisor of the decedent. This employee, retired for 15 years, stated that the defendant's asbestos products were shipped to the plants he worked at in the 1950's, 1960's and 1970's and that these products were used in the production of floor tiles during the periods he worked with the decedent.

At a subsequent examination before trial, this employee revealed that although he recalled seeing Flintkote bags at the plants, he was unable to remember when he saw them, how often or where he had seen them or whether or not he

had ever seen an open bag. He also stated that he never met nor knew of anyone from Flintkote coming to the plants.

The Supreme Court denied Flintkote's motion for summary judgment on the basis of the retired employee's examination before trial which it found put Flintkote fibers at the plant where the decedent worked during the relevant time period. While noting that Flintkote was not a "big player", the court found issues of facts as to product identification sufficient to defeat the defendant's motion for summary judgment.

In order to succeed on their claim, the plaintiffs had to establish that the decedent was exposed to the defendant's product and that it was more likely than not that this exposure was a substantial factor in his injury *(Farrell v National Gypsum Co.,* 1991 WL 89632 [SD NY, May 30, 1991, Stewart, J.]; *Johnson v Celotex Corp.,* 899 F2d 1281, *cert denied* 498 US 920; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *see also, Hymowitz v Eli Lilly & Co.,* 73 NY2d 487, *cert denied* 493 US 944). They had the additional burden of proving that the decedent's injury was proximately caused by the defendant's asbestos *(Farrell v National Gypsum Co., supra).*

As we recently stated in the companion case of *Cawein v Flintkote Co.* (203 AD2d 105, 105-106) "[t]he only showing that Flintkote inhalable asbestos fibers were used in the tile plants in which [the decedent] worked was in an affidavit by [the retired employee] that he had seen a Flintkote bag or bags of fiber in the plant. He did not testify that he had ever seen a Flintkote bag opened or the fiber being used. It is not enough, however, that a bag or bags of Flintkote fiber be seen in the plant; it must be shown that plaintiff was exposed to asbestos fibers released from defendant's products" *(see also, Farrell v National Gypsum Co., supra).*

The defendant met its initial burden of coming forward with admissible evidence demonstrating that the complaint had no merit. The plaintiffs, however, then failed to establish the existence of a factual issue requiring a trial of this matter *(Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). In light of the absence of evidence creating a reasonable inference that the decedent was exposed to asbestos from the defendant's product, summary judgment should have been awarded *(Cawein v Flintkote Co., supra).* Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Williams, JJ.