■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. DAVID G. SALERNO, Respondent, v GARLOCK INC. et al., Defendants, and RAPID-AMERICAN CORPORATION, Appellant. [622 NYS2d 946] —Order, Supreme Court, New York County (Helen Freedman, J.), entered August 4, 1994, which denied defendant Rapid-American Corporation's motion for summary judgment, unanimously affirmed, without costs or disbursements.

Issues of fact exist that preclude summary judgment, including whether plaintiff was exposed to asbestos products manu-

factured by defendant's predecessor *(see, Zuckerman v City of New York,* 49 NY2d 557). In drawing all reasonable inferences in favor of the party against whom summary judgment is sought, a reasonable trier of fact could find that plaintiff worked in the vicinity of where the products of defendant's predecessor were being used, and that he was exposed to defendant's product *(see, In re Brooklyn Navy Yard Asbestos Litig.,* 971 F2d 831, 837 [2d Cir]).

*Cawein v Flintkote Co.* (203 AD2d 105) and *Diel v Flintkote Co.* (204 AD2d 53) are not contrary, since, in both of those cases, we noted that there was no showing that opened packages of defendant Flintkote's asbestos were placed in the zone of those plaintiffs' exposure *(supra,* at 106; *supra,* at 54). Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Williams, JJ.