■ ELVIN MILLERMAN et al., Respondents, v GEORGIA PACIFIC CORPORATION et al., Defendants, and RAPID-AMERICAN CORPORATION, Appellant. [625 NYS2d 29] —Order, Supreme Court, New York County (Helen Freedman, J.), entered December 20, 1994, which denied defendant Rapid-American Corporation's motion for summary judgment, unanimously affirmed, with costs.

Drawing all reasonable inferences in favor of plaintiff, the

party against whom summary judgment is sought, a reasonable trier of fact could find that plaintiff worked in proximity to where defendant's predecessor's products were being used, and that he was exposed to asbestos emitted therefrom *(see, Matter of New York City Asbestos Litig. [Salerno v Garlock Inc.],* 212 AD2d 463). Certainly, plaintiff has submitted adequate proof that defendant's predecessor was likely to have furnished the asbestos products that were among those to which plaintiff was exposed. "The plaintiff is not required to show the precise causes of his damages, but only to show facts and conditions from which defendant's liability may be reasonably inferred *(Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases],* 188 AD2d 214, 225, *affd* 82 NY2d 821). This is particularly true on defendant's motion for summary judgment, where plaintiff is required only to show the existence of triable questions of fact, and where any doubt must be resolved against summary resolution." *(Reid v Georgia-Pacific Corp.,* 212 AD2d 462, 463.) *Diel v Flintkote Co.* (204 AD2d 53) and *Cawein v Flintkote Co.* (203 AD2d 105), on which defendant relies, are distinguishable in that in those cases "there was no showing that opened packages of [the] defendant[s'] * * * asbestos were placed in the zone of those plaintiffs' exposure" *(Matter of New York City Asbestos Litig. [Salerno v Garlock Inc.], supra,* at 464). Concur—Wallach, J. P., Asch, Nardelli, Tom and Mazzarelli, JJ.