■ BRENDA PETTEYS, Individually and as Administratrix of the Estate of SCOTT PETTEYS, Deceased, Respondent, v GEORGIA PACIFIC CORPORATION et al., Defendants, and RAPID-AMERICAN CORPORATION, Appellant. [625 NYS2d 156] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about December 20, 1994, which denied defendant Rapid-American Corporation's motion for summary judgment, unanimously affirmed, with costs.

An issue of fact exists whether the decedent was exposed to defendant's predecessor's asbestos-containing products in 1963 while aboard *The USS Waller* in the Norfolk Naval Shipyard. The testimony of a worker who spent over 30 years at the Norfolk Shipyard that defendant's predecessor's products were customarily used at that shipyard during the relevant time, together with testimony of the decedent's brother and shipmate that the decedent was exposed to asbestos in 1963 when *The USS Waller* was drydocked for overhaul at the Norfolk Naval Shipyard, set forth "facts and conditions from which defendants' liability may be reasonably inferred" *(Matter of*

*New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases],* 188 AD2d 214, 225, *affd* 82 NY2d 821; *see also, Reid v Georgia-Pacific Corp.,* 212 AD2d 462; *Matter of New York City Asbestos Litig. [Salerno v Garlock Inc.],* 212 AD2d 463). Concur—Wallach, J. P., Asch, Nardelli, Tom and Mazzarelli, JJ.