■ LINCIEL LLOYD, as Proposed Executor of FREDERICK W. LLOYD, Deceased, Respondent, v W.R. GRACE & Co.—CONN., Appellant, et al., Defendants. [626 NYS2d 147] —Order, Supreme Court, New York County (Helen Freedman, J.), entered February 23, 1994, which denied defendant-appellant's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Plaintiff's evidence in opposition to defendant's motion, which tended to show that defendant's asbestos products were used by the decedent's employer on all of its ships at ship-yards where the decedent worked at times that he worked there, and that the decedent worked with asbestos in confined, dusty areas, was sufficient to permit an inference that the decedent was exposed to asbestos products manufactured by defendant, and, accordingly, the motion was properly denied *(see, Reid v Georgia-Pacific Corp.,* 212 AD2d 462; *Salerno v Garlock Inc.,* 212 AD2d 463). To prevail in the action, plaintiff need not show the precise causes of the decedent's damages but only facts and conditions from which defendant's liability can be reasonably inferred *(Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases],* 188 AD2d 214, 225, *affd* 82 NY2d 821; *see also, Kreppein v Celotex Corp.,* 969 F2d 1424, 1425-1426). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ORTIZ, Appellant. [626 NYS2d 441] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered March 30, 1993, convicting defendant, after a jury trial of criminal sale of a controlled substance in the third degree, and sentencing him, as a persistent felony offender to a term of 15 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

As we held in the codefendant's appeal *(People v Flore,* 211 AD2d 557), the substitution of a deliberating juror with an alternate juror without defendant's consent violated CPL 270.35, and requires reversal and remand for a new trial. Defendant's remaining points are academic. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Williams, JJ.