■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. DOUGLAS COMEAU et al., Respondents, v W.R. Grace & Co.—Conn., Appellant, et al., Defendants. [628 NYS2d 72] —Order, Supreme Court, New York County (Helen Freedman, J.), entered March 31, 1994, which denied defendant W.R. Grace & Co.—Conn.'s motion for summary judgment, unanimously reversed, on the law, and the motion granted, without costs or disbursements.

Decedent, a lifelong smoker, was employed as a roofer from 1950 to 1953, and as a metal lather from 1959 through 1987. He was diagnosed with lung cancer in July of 1992, which he alleges resulted from smoking and his exposure to asbestos. This products liability action was brought against various manufacturers of asbestos fibers. Plaintiff died on December 26, 1993, before W.R. Grace filed the motion for summary judgment at issue on appeal. In his answer to defendant's interrogatories, plaintiff listed the General Motors (GM) Building, the Exxon Building, and 1 Penn Plaza as three of the sixty-nine sites on which he could recall working as a metal lather. Plaintiff did not list W.R. Grace as a manufacturer of any of the products used at the various locations where he worked, although he stated in a deposition that he was certain that he worked around asbestos products that he could not recall by brand name.

In opposition to defendant's motion, plaintiff's counsel cited

the decedent's deposition testimony, and his answers to interrogatories, in which he listed the buildings where he worked, which included those where W.R. Grace asbestos containing fireproofing was used. Plaintiff also submitted invoices for delivery of fireproofing material by W.R. Grace to the Esso Building in 1970 and 1971, the GM Building in 1969, and Penn Plaza for 1970 and 1971. In addition, counsel submitted his affirmation that plaintiff must "necessarily [have] scraped * * * W.R. Grace asbestos containing fireproofing * * * in order to perform his job". The trial court denied defendant's motion, on the ground that the identification was sufficient to withstand summary judgment. We disagree.

To go forward with a motion for summary judgment, the defendant had to make a prima facie showing that its product could not have contributed to the causation of plaintiff's injury (*Reid v Georgia-Pacific Corp.*, 212 AD2d 462). The defendant met this burden. At this point, however, plaintiff must allege facts and conditions from which the defendant's liability may reasonably be inferred, that is, that plaintiff worked in the vicinity where defendant's products were used, and that plaintiff was exposed to defendant's product (*Cawein v Flintkote Co.*, 203 AD2d 105, 105-106).

A reasonable inference of W.R. Grace's liability cannot be drawn from the evidence before this Court. Plaintiff did not provide information regarding the time periods during which he worked at either the Exxon Building, Penn Plaza, or the GM Building, or the nature of the work he performed at any of these sites. In addition, the W.R. Grace invoices did not prove either that Grace products were used exclusively at the locations, or that these products were placed in the zone of plaintiff's exposure (*see, Salerno v Garlock, Inc.*, 212 AD2d 463; *Diel v Flintkote Co.*, 204 AD2d 53). Finally, counsel's affirmation was insufficient to create a factual issue requiring a trial (*Schiraldi v U.S. Min. Prods.*, 194 AD2d 482; *Zuckerman v City of New York*, 49 NY2d 557, 562). Summary judgment should have been awarded (*Cawein v Flintkote Co., supra*). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.