■ In the Matter of EIGHTH JUDICIAL DISTRICT ASBESTOS LITIGATION. BARBARA HECKEL, Individually and as Executrix of PAUL HECKEL, Deceased, Appellant, v AMATEX CORPORATION et al., Defendants, and SPAULDING COMPOSITES COMPANY, INC., Respondent. [703 NYS2d 416] —Order unanimously reversed on the law with costs, motion denied and complaint against defendant Spaulding Composites Company, Inc. reinstated. Memorandum: Plaintiff commenced this action seeking damages for

personal injuries and wrongful death resulting from the exposure of plaintiff's decedent to asbestos-containing products during his employment at Hercules Products, Inc. (Hercules). Supreme Court erred in granting the motion of defendant Spaulding Composites Company, Inc. (Spaulding) for summary judgment dismissing the complaint against it. Spaulding met its initial burden on the motion by establishing that it supplied no asbestos-containing products to Hercules during the period of decedent's employment (*see, Matter of New York City Asbestos Litig.*, 216 AD2d 79, 80; *Zankowski v Johns-Manville Corp.*, 204 AD2d 1023). The burden shifted to plaintiff to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *see, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiff met that burden by submitting the affidavits of former Hercules employees who assert that they observed decedent cutting sheets manufactured by Spaulding containing asbestos fibers (*see, Lloyd v Grace & Co.*, 215 AD2d 177; *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463; *Zankowski v Johns-Manville Corp., supra*). In determining that those affidavits were insufficient to raise a triable issue of fact, the court improperly resolved issues of credibility (*see, Town Bd. v Lee,* 241 AD2d 958, 959). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.