■ HAROLD BERKOWITZ et al., Respondents, v A.C. AND S., INC., et al., Defendants, and DRESSER INDUSTRIES, INC., et al., Appellants. GILBERT V. HARRISON et al., Respondents, v A.C. AND S., INC., et al., Defendants, and DRESSER INDUSTRIES, INC., et al., Appellants. ANTHONY MARTINE et al., Respondents, v A.C. AND S., INC., et al., Defendants, and DRESSER INDUSTRIES, INC., et al., Appellants. ROBERT ROTH, Respondent, v A.C. AND S., INC., et al., Defendants, and DRESSER INDUSTRIES, INC., et al., Appellants. MORTON SCHWARTZ et al., Respondents, v A.C.

AND S., INC., et al., Defendants, and DRESSER INDUSTRIES, INC., et al., Appellants. MARCUS SCHWARTZ et al., Respondents, v A.C. AND S., INC., et al., Defendants, and DRESSER INDUSTRIES, INC., et al., Appellants. ANTHONY TANCREDI et al., Respondents, v A.C. AND S., INC., et al., Defendants, and DRESSER INDUSTRIES, INC., et al., Appellants. DONNEL G. WILLIAMS et al., Respondents, v A.C. AND S., INC., et al., Defendants, and DRESSER INDUSTRIES, INC., et al., Appellants. [733 NYS2d 410] —Orders, Supreme Court, New York County (Helen Freedman, J.), entered on or about June 18, 2001 (Appeal Nos. 5104, 5105, 5106, 5107, 5108, 5109 and 5111) and July 12, 2001 (Appeal No. 5110), which denied defendants-appellants' motions for summary judgment, unanimously affirmed, without costs.

The inability of certain of plaintiffs to identify defendant Worthington as the manufacturer of the pumps containing the asbestos to which they were allegedly exposed does not require dismissal of their actions, where defendants' own witness conceded that Worthington pumps were on a very high percentage of Navy ships during the relevant time period, and workers in the Brooklyn Navy Yard testified at their depositions that the pumps they saw on ships in the Navy Yard were manufactured by Worthington (*see, Salerno v Garlock Inc.*, 212 AD2d 463). An issue of fact as to whether these pumps contained asbestos is raised by defendants' admission that Worthington sometimes used gaskets and packing containing asbestos; plaintiff Tancredi's production of a Worthington manual for the power plant where he worked referring to an asbestos component in one of its pumps at the plant; the testimony of defendants' witness that Worthington had "specifications for sale of product to the government which required asbestos use"; the absence of evidence that Worthington deviated from the government's specifications in the pumps it installed in ships during the relevant time periods; and the testimony of certain of plaintiffs that they observed the hand making of asbestos gaskets. Nor does it necessarily appear that Worthington had no duty to warn concerning the dangers of asbestos that it neither manufactured nor installed on its pumps. While it may be technically true that its pumps could run without insulation, defendants' own witness indicated that the government provided certain specifications involving insulation, and it is at least questionable whether pumps transporting steam and hot liquids on board a ship could be operated safely without insulation, which Worthington knew would be made out of asbestos (*compare, Rogers v Sears, Roebuck & Co.*, 268 AD2d 245, *with Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289). We have considered defendants'

other arguments and find them unavailing. Concur—Nardelli J. P., Tom, Andrias, Lerner and Marlow, JJ.