◼ ANTHONY MARIANI, Appellant, v CITY OF NEW YORK et al., Respondents. CITY OF NEW YORK et al., Third-Party Plaintiffs-Respondents, v LASTRADA GENERAL CONTRACTING CORP., Third-Party Defendant-Respondent. [756 NYS2d 844] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered November 13, 2001, which denied plaintiff's motion for partial summary judgment as to liability upon his Labor Law § 240 (1) claim, with leave to renew, unanimously affirmed, without costs.

Under the unique circumstances of this case, defendants made the necessary "threshold showing" of a need for more discovery (see Best Payphones v Empire State Payphone Assn., 272 AD2d 139 [2000]). Any doubt should be resolved against summary resolution (see e.g. Millerman v Georgia Pac. Corp., 214 AD2d 362 [1995]) and here, the record presents a non-speculative reason for doubt as to defendants' liability. Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL PARIS SERRANO, Appellant. [756 NYS2d 844] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered July 13, 1998, convicting defendant, after a jury trial, of three counts of murder in the second degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.

The jury's verdict rejecting defendant's defense of mental disease or defect was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). Issues concerning the evaluation of conflicting expert testimony were properly considered by the jury and there is no basis for disturbing its determinations. We note that in the commission of the crime, defendant took precautionary measures to avoid arrest. Furthermore, the evidence warrants the conclusion that defendant made false statements to examining psychiatrists in an effort to bolster his insanity defense. Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ.