PAUL E. ROOT, as Executor of EDWARD ROOT, Deceased, Appellant, v EASTERN REFRACTORIES Co., INC., Respondent, et al., Defendants. [787 NYS2d 586]—

Appeal from an order of the Supreme Court, Onondaga County (James W. McCarthy, A.J.), entered October 17, 2003. The order granted the motion of defendant Eastern Refractories Co., Inc., for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Eastern Refractories Co., Inc., is reinstated.

Memorandum: Plaintiff's decedent allegedly was exposed to asbestos during over 40 years of employment as a journeyman insulator for the Asbestos Workers Union from 1950-1993. In 1995, he was diagnosed with asbestosis and, in 2002, he was diagnosed with mesothelioma. Plaintiff contends that decedent was exposed to a product known as an ERCO-Mat that contained asbestos during two separate periods of employment with a contractor at Syracuse University, the first between 1962 and 1964, and the second between 1967 and 1968. ERCO-Mats were distributed by defendant Eastern Refractories Co., Inc. (Eastern). Eastern moved for summary judgment dismissing the

complaint against it on the ground that it did not supply any product containing asbestos to Syracuse University in the relevant time period. In support of that motion, Eastern submitted a deposition transcript and an affidavit from David Feinzig, who had worked for the company since 1948. He averred that Eastern did not supply or distribute any asbestos-containing materials at any job sites at Syracuse University. during the 1960s, that ERCO-Mats were not manufactured by Eastern, and that, in any event, they did not contain asbestos filler, but were made of fiberglass. In opposition to the motion, plaintiff submitted Feinzig's deposition testimony from a different case, as well as decedent's deposition testimony. Decedent testified unequivocally that he used ERCO-Mat blankets and that they contained asbestos. Feinzig testified that in the 1960s there was a transition period when, instead of using asbestos cloth, Eastern used glass cloth because the filler in the blankets was made of glass, and he admitted that Eastern sold ERCO-Mat blankets to decedent's employer at Syracuse University.

Supreme Court erred in granting the motion for summary judgment dismissing the complaint against Eastern. Eastern met its initial burden on the motion by establishing that it supplied no asbestos-containing products in the 1960s to job sites at Syracuse University (*see Matter of Eighth Jud. Dist. Asbestos Litig.*, 269 AD2d 749, 750 [2000]; *Matter of New York City Asbestos Litig.*, 216 AD2d 79, 80 [1995]; *Zankowski v Johns-Manville Corp.*, 204 AD2d 1023 [1994]). Plaintiff, however, met his burden of showing facts sufficient to require a trial (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Decedent testified that he was exposed to asbestos while working at Syracuse University using ERCO-Mat blankets. That testimony is sufficient to raise a triable issue of fact (*see Eighth Jud. Dist. Asbestos Litig.*, 269 AD2d at 750). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.