■ ROSLYN KNEE, Individually and as Executrix of ROY KNEE, Deceased, Respondent, v A.W. CHESTERTON Co. et al., Defendants, and THE GOODYEAR TIRE & RUBBER COMPANY, Appellant. [861 NYS2d 286]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered October 25, 2007, which denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The deposition testimony of plaintiff's decedent showed that he was exposed to gaskets and gasket materials containing asbestos while working on a ship known as the Constellation at the Brooklyn Navy Yard, that dust from the asbestos gaskets was pervasive, and that he breathed it. Deposition testimony of

the plaintiff and a second witness from an unrelated asbestos litigation and the plaintiff from a second unrelated asbestos litigation describes work involving gaskets on the same ship, under the same conditions, within the same time period, and identifies appellant as the manufacturer of the gaskets. Appellant was a party in these two other actions and present at all three depositions. We note that one of these witnesses may be available to testify at trial. We reject appellant's argument that these three witness depositions from other actions cannot be used for present purposes (*see Berkowitz v A.C. & S., Inc.*, 288 AD2d 148, 149 [2001]; *Dollas v Grace & Co.*, 225 AD2d 319, 320 [1996]). These depositions raise an issue of fact as to whether the decedent was exposed to asbestos contained in appellant's gaskets (*cf. Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 [1995]). Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ.