Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered January 6, 2014, which denied defendant Union Carbide Corporation’s motion for summary judgment, unanimously affirmed, without costs.
Plaintiff commenced this action to recover for injuries and resulting death suffered by her decedent husband allegedly due to exposure to products containing asbestos. Although defendant Union Carbide Company did not actually manufacture the finished laminate product, it was alleged to have been the supplier of the asbestos-containing product of which the laminate sheets consisted.
Even assuming defendant met its initial burden of establishing prima facie that its product could not have contributed to the causation of plaintiff decedent’s asbestos-related injury (see Comeau v W.R. Grace & Co. — Conn., 216 AD2d 79, 80 [1st Dept 1995]; Reid v Georgia-Pacific Corp., 212 AD2d 462 [1st Dept 1995]), plaintiff met her burden of alleging facts and conditions from which defendant’s liability may reasonably be inferred (id.).
Plaintiffs evidence established that, during the course of his employment, the decedent was exposed to injury-causing asbestos dust, caused by defendant’s product in the laminated sheets with which he worked on a regular basis (see Lloyd v W.R. Grace & Co. — Conn., 215 AD2d 177 [1st Dept 1995]). The deposition testimony of both the decedent and defendant’s own witness established that it is “reasonably probable” (Healey v Firestone Tire & Rubber Co., 87 NY2d 596, 601-602 [1996]) that the plastic laminated sheets, sold under the trade name Bakelite, contained asbestos from defendant’s product. We note that plaintiff is not required to show the precise cause of his injuries (see Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases], 188 AD2d 214, 225 [1st Dept 1993] affd 82 NY2d 821 [1993]).
We have considered defendant’s remaining contentions and find them unavailing. Concur — Tom, J.P, Acosta, Freedman and Kapnick, JJ.