## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 31, 2016                521580
_____

LINDA WELLS,

                    Appellant,

        v

3M COMPANY, Formerly Known as
    MINNESOTA MINING AND                MEMORANDUM AND ORDER
    MANUFACTURING CO., et al.,
                    Defendants,
        and

GENUINE PARTS COMPANY et al.,
                    Respondents.
_____


Calendar Date:  February 17, 2016

Before:  McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

                    _____


        Levy Konigsberg LLP, New York City (Brendan J. Tully of
counsel), for appellant.

        Barclay Damon, LLP, Buffalo (Mark T. Whitford of counsel),
for respondents.

                    _____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Aulisi, J.),
entered November 7, 2014 in Schenectady County, which granted a
motion by certain defendants for summary judgment dismissing the
complaint against them.

        Plaintiff commenced this action on November 5, 2012,
seeking to recover damages for personal injuries allegedly
resulting from her exposure to various asbestos-containing

products.  In particular, plaintiff alleged that, on or about August 5, 2010, she was diagnosed with malignant epithelial mesothelioma (hereinafter MEM), which was caused by her secondary exposure to asbestos through her father, who brought asbestos dust home on his clothes while working with and around various asbestos-containing products.  After joinder of issue and discovery, defendants Abex Corporation, Borg Warner Corporation, Genuine Parts Company, Honeywell International Inc. and National Automotive Parts Association moved for summary judgment dismissing the complaint against them as time-barred pursuant to CPLR 214-c (2).  During the pendency of their motion, all moving defendants, except Genuine Parts Company and National Automotive Parts Association (hereinafter collectively referred to as defendants), withdrew their applications, apparently having settled with plaintiff.  Supreme Court granted defendants' motion and dismissed the complaint.  Plaintiff appeals, and we reverse.

Plaintiff's claims are governed by the limitations period set forth in CPLR 214-c (2), which states, in relevant part, that "the three year period within which an action to recover damages for personal injury . . . caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body . . . shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier."  For purposes of this statute, "discovery of the injury" occurs "'when the injured party discovers the primary condition on which the claim is based'" (Castiglione v E.A. Morse & Co., Inc., 22 AD3d 934, 934 [2005], quoting Matter of New York County DES Litig., 89 NY2d 506, 509 [1997]), which "necessarily contemplates something less than full awareness that one has been damaged as a result of exposure to a particular toxic substance" (Whitney v Agway Inc., 238 AD2d 782, 784 [1997] [internal quotation marks and citation omitted]).  "[A] plaintiff must be considered to have discovered such an injury when he or she is actually diagnosed as suffering from a particular disease, even though unaware of its cause" (Sweeney v General Print., 210 AD2d 865, 866 [1994], lv denied 85 NY2d 808 [1995]; see Matter of New York County DES Litig., 89 NY2d at 514 n 4).  Finally, "separate and distinct disease[s] . . . may constitute different injuries,

each with its own time of discovery" (Sweeney v General Print., 210 AD2d at 866; see Griffin v Garratt-Callahan Co., 74 F3d 36, 40 [2d Cir 1996]; see also Bimbo v Chromalloy Am. Corp., 226 AD2d 812, 814 [1996]).

Having moved for summary judgment dismissing the complaint pursuant to CPLR 214-c (2), defendants were required to establish that plaintiff's injury accrued at a time that is barred by that provision (see Swift v New York Med. Coll., 25 AD3d 686, 687 [2006]). Consistent with the aforementioned legal rules, defendants would meet that burden through proof establishing that plaintiff discovered or should have discovered that she suffered from the primary condition upon which her claim is based, MEM, or a disease indistinct from MEM, more than three years prior to the commencement of the action. Defendants submitted expert evidence in the form of a sworn affidavit of a pathologist.[1] According to the pathologist, he examined plaintiff's treating and medical records and a single slide from 2011,[2] and, as a result, concluded that plaintiff had the same tumor in 2011 that had been discovered in 2003. Despite the fact that plaintiff's claim is premised on a single disease, MEM, the pathologist's affidavit does not mention that disease.[3] Further, the pathologist does not state that plaintiff only has the disease that was discovered in 2003 and, therefore, does not exclude the possibility that plaintiff later developed a separate and distinct disease. In addition, inasmuch as the pathologist failed to mention — much less opine on — MEM, there is no expert proof before us

---

[1] Notably, this expert affidavit was initially submitted with reply papers. Nonetheless, this apparent deficiency was cured by the fact that Supreme Court allowed plaintiff to submit papers in surreply (see Hoffman v Kessler, 28 AD3d 718, 719 [2006]; Ioele v Wal-Mart Stores, 290 AD2d 614, 615 [2002]).

[2] The pathologist acknowledged that he had "limited" materials to review in regard to plaintiff's recent condition.

[3] Accordingly, defendants submitted an expert affidavit that only addressed diseases that plaintiff had not alleged were the basis of her claim.

indicating what the symptoms of MEM are in order to permit a comparison of the symptoms to the proof regarding plaintiff's medical history.

Although the pathologist does not offer an opinion as to what disease plaintiff suffers from, he does aver that, based on the initial discovery of a tumor, various physicians identified plaintiff as suffering from a variety of conditions, including "[well differentiated papillary mesothelioma], diffuse peritoneal mesothelioma, peritoneal mesothelioma and even well differentiated diffuse peritoneal mesothelioma." Again, however, the pathologist provides no guidance as to whether these diseases are related to MEM or whether an individual who receives any of the aforementioned diagnoses ought to discover that he or she also or instead suffers from MEM.

Turning to the remainder of defendants' submissions, we recognize that they establish that plaintiff understood herself to suffer from well differentiated papillary mesothelioma sometime approximate to 2003. That fact, however, does not support the conclusion that either plaintiff did not also suffer from MEM at a later point or that, if she did, MEM was an indistinct disease from well differentiated papillary mesothelioma. Otherwise, defendants' submissions do not unambiguously or uniformly establish that MEM is not a separate and distinct disease from any of those with which plaintiff had previously been diagnosed. Accordingly, viewing the proof in the light most favorable to plaintiff and granting her the benefit of every reasonable inference (see Cusson v Hillier Group, Inc., 130 AD3d 1397, 1399 [2015]), defendants' submissions failed to establish that there are no genuine issues of material fact as to whether plaintiff's claim is timely pursuant to CPLR 214-c (2) (see Golod v La Roche, 964 F Supp 841, 852 [SD NY 1997]). Accordingly, defendants are not entitled to summary judgment dismissing the complaint. The remaining arguments are academic and/or without merit.

Egan Jr., Rose and Lynch, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, and motion denied.

ENTER:

Robert D. Mayberger
Clerk of the Court