■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. SUSAN KROK, as Administratrix for the Estate of RAYMOND J. KROK, SR., Deceased, Respondent, v AERCTO INTERNATIONAL, INC., et al., Defendants, and THE NASH ENGINEERING COMPANY, Appellant. [44 NYS3d 911]—

Order, Supreme Court, New York County (Peter H. Moulton, J.), entered April 12, 2016, which denied defendant Nash Engineering Company's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant failed to establish prima facie that plaintiff's decedent could not have been exposed to its products or the asbestos contained therein (*see Koulermos v A.O. Smith Water Prods.*, 137 AD3d 575 [1st Dept 2016]). Its reliance on the decedent's inability to identify its product as a source of his exposure to asbestos is misplaced (*see id.*; *Salerno v Garlock Inc.*, 212 AD2d 463 [1st Dept 1995]). In any event, plaintiffs raised an issue of fact by submitting evidence that defendant's asbestos-containing pumps were present on the ship to which the decedent was assigned as a boiler tender fireman. Concur—Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HAYWOOD, Appellant. [44 NYS3d 902]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Eduardo Padro, J.), rendered March 18, 2014, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ.