■ EILEEN A. O'CONNOR et al., Appellants, v AERCO INTERNATIONAL, INC., et al., Defendants, and FISHER SCIENTIFIC COMPANY, LLC, et al., Respondents. [57 NYS3d 766]—

McCarthy, J.P. Appeals (1) from an order of the Supreme Court (Aulisi, J.), entered April 26, 2016 in Saratoga County, which, among other things, granted a motion by defendant

Fisher Scientific Company, LLC for summary judgment dismissing the complaint against it, (2) from an order of said court, entered April 26, 2016 in Saratoga County, which, among other things, granted a motion by defendant Thomas Scientific, Inc. for summary judgment dismissing the complaint against it, and (3) from an order of said court, entered April 26, 2016 in Saratoga County, which, among other things, granted a motion by defendant VWR International, LLC for summary judgment dismissing the complaint against it.

In February 2015, plaintiff Eileen A. O'Connor was diagnosed with pleural mesothelioma. Alleging that her illness stemmed from exposure to equipment containing asbestos while working at the Westchester County Department of Labs and Research (hereinafter WCDLR) from approximately 1975 to 1979, O'Connor, along with her husband, derivatively, commenced this personal injury action in 2015 against, among others, defendants Fisher Scientific Company, LLC, Thomas Scientific, Inc. and VWR International, LLC (hereinafter collectively referred to as defendants). After joinder of issue and discovery, defendants each moved for summary judgment dismissing the complaint and all cross claims against them, contending, among other things, that plaintiffs failed to identify them as the suppliers of the asbestos-containing products in question. Thereafter, in three separate orders, Supreme Court respectively granted defendants' motions for summary judgment dismissing the complaint against them, finding that plaintiffs failed to adequately identify any defendants as the supplier of the asbestos-containing products at issue. Plaintiffs appeal, and we reverse.

In order to establish entitlement to judgment as a matter of law, defendants bore the initial burden of demonstrating that their respective products "could not have contributed to the causation" of O'Connor's asbestos-related injuries (*Matter of New York City Asbestos Litig.*, 116 AD3d 545, 545 [2014]; *see Matter of New York City Asbestos Litig.*, 216 AD2d 79, 80 [1995]). Moreover, a defendant cannot satisfy this burden by merely pointing to gaps in a plaintiff's proof (*see Overocker v Madigan*, 113 AD3d 924, 925 [2014]; *DiBartolomeo v St. Peter's Hosp. of the City of Albany*, 73 AD3d 1326, 1327 [2010]; *Dow v Schenectady County Dept. of Social Servs.*, 46 AD3d 1084, 1084 [2007]; *Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 272 AD2d 818, 821 [2000]). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Stated another way, a defend-

ant cannot prevail on a motion for summary judgment merely by correctly arguing that the record before a court on the motion would be one which, if presented at trial, "would fail to [satisfy a plaintiff's] burden of proof and the court would be required to direct a verdict for defendant[ ]" (*Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d 29, 35 [2011, Smith, J., concurring]). Accordingly, plaintiffs' burden to establish a material issue of fact as to "facts and conditions from which [defendants'] liability may reasonably be inferred" is only triggered in the event that a moving defendant made the aforementioned prima facie showing (*Matter of New York City Asbestos Litig.*, 216 AD2d at 80; *see Scheidel v A.C. & S., Inc.*, 258 AD2d 751, 754 [1999], *lv denied* 93 NY2d 809 [1999]).

In this regard, the proof submitted by defendants, respectively, failed to establish that they did not sell asbestos-containing products to WCDLR during the time that O'Connor was employed or that O'Connor was not exposed to any such products (*compare Pellegrino v A.C. & S., Inc.*, 15 AD3d 377, 377 [2005]). Defendants submitted plaintiffs' responses to interrogatories, wherein plaintiffs listed the products containing asbestos that O'Connor was exposed to and stated that the products were supplied by defendants, among others. Fisher Scientific, in its response to plaintiffs' interrogatories, stated that, "given the passage of many decades and . . . [its] adherence to reasonable and normal record retention policies," it did not have records of selling these products to WCDLR. However, although none of the deponents could attest to whether any of defendants' brand names, trademarks or logos were present on asbestos-containing products during the relevant time period, O'Connor and other WCDLR employees testified that there were products containing asbestos in the lab between 1975 and 1979 and that employees consulted defendants' supply catalogs, among others, to place orders for these products. One employee also testified that WCDLR had contracts with Fisher Scientific and Thomas Scientific during the relevant time period, and a buyer for WCDLR from 1972 to 1978 testified that he purchased supplies from defendants on a regular basis.

Viewing this evidence in the light most favorable to plaintiffs and granting them the benefit of every favorable inference, defendants failed to establish, prima facie, that they could not have caused O'Connor's asbestos-related illness (*see Wells v 3M Co.*, 137 AD3d 1556, 1559 [2016]; *Matter of New York City Asbestos Litig.*, 212 AD2d 463, 464 [1995]). Fisher Scientific's lack of documentation from the 1970s does not establish that it did not sell asbestos-containing products to WCDLR. Other-

wise, defendants, respectively, "merely pointed to perceived gaps in plaintiff[s'] proof, rather than submitting evidence showing why [plaintiffs'] claims fail" (*Ricci v A.O. Smith Water Prods. Co.*, 143 AD3d 516, 516 [2016]; *see Koulermos v A.O. Smith Water Prods.*, 137 AD3d 575, 576 [2016]). Additionally, insofar as VWR also contends, as an alternative ground for affirmance, that it was entitled to summary judgment because plaintiffs failed to show specific causation pursuant to the test established in *Parker v Mobil Oil Corp.* (7 NY3d 434 [2006]), VWR failed to make a prima facie showing contradicting specific causation. While *Parker* and its progeny address a plaintiff's burden to establish specific causation at trial through admissible scientific proof (*see Dominick v Charles Millar & Son Co.*, 149 AD3d 1554, 1555-1556 [2017]; *Matter of New York City Asbestos Litig.*, 148 AD3d 233, 236 [2017]), at the summary judgment stage, VWR had the initial burden of establishing that O'Connor lacked the necessary degree of exposure to its asbestos-containing products to cause her illness, and VWR offered no such proof (*compare Zaslowsky v J.M. Dennis Constr. Co. Corp.*, 26 AD3d 372, 374 [2006]). Accordingly, defendants' motions should have been denied (*see Matter of New York City Asbestos Litig.*, 146 AD3d 700, 700 [2017]; *Koulermos v A.O. Smith Water Prods.*, 137 AD3d at 576; *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 [1995]).

Garry, Lynch, Rose and Devine, JJ., concur. Ordered that the orders are reversed, on the law, with costs, and motions denied.