Shanahan v Aerco Intl., Inc. (2019 NY Slip Op 03895)





Shanahan v Aerco Intl., Inc.


2019 NY Slip Op 03895


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9331 190011/17

[*1]Michelle Shanahan, etc., Plaintiff-Respondent,
v
Aerco International, Inc., et al., Defendants, Algoma Hardwoods, Inc., Defendant-Appellant.


McGivney, Kluger & Cook, P.C., New York (Matthew D. Sampar of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Gennaro Savastano of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered September 12, 2018, which denied defendant Algoma Hardwoods, Inc.'s (defendant) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant was formed in connection with its 1977 purchase of certain assets from Champion International, a manufacturing company that fabricated asbestos-containing fire-rated doors in Algoma, Wisconsin. Defendant concedes that it manufactured and sold asbestos-core fire-rated doors from April 1977 through November 1980, when it contends that it switched to manufacturing and selling asbestos-free fire-rated doors. According to defendant, the doors manufactured and sold by it, as well as by Champion International prior to 1977, were all marked "Algoma Grade."
Defendant maintains that it established prima facie, through an affidavit by its principal, that it did not sell or distribute asbestos-core fire doors in the New York metropolitan area, where the decedent worked, and that therefore the decedent was not exposed to its product. The affidavit was based on the principal's personal knowledge but unaccompanied by documentation such as sales records substantiating the averments.
Even assuming, without deciding, that defendant met its prima facie burden to "unequivocally establish that its product could not have contributed to the causation of plaintiff's injury" during the relevant time period (Reid v Georgia-Pacific Corp., 212 AD2d 462, 463 [1st Dept 1995]; see also Matter of New York City Asbestos Litig., 146 AD3d 700, 700 [1st Dept 2017]; Matter of New York City Asbestos Litig., 122 AD3d 520, 521 [1st Dept 2014]), plaintiff demonstrates issues of triable fact.[FN1]
In opposition to defendant's motion, plaintiff submitted the decedent's deposition testimony describing his work cutting and drilling fire-door product bearing the name Algoma on it during the relevant period and inhaling the white dust generated by the work, which raises an inference that "it is reasonably probable, not merely possible or evenly balanced," that the decedent was exposed to defendant's product and developed mesothelioma as a direct consequence (Healey v Firestone Tire & Rubber Co., 87 NY2d 596, 601 [1996]).
Plaintiff further pointed to minutes from a New York City Board of Standards (BOS) meeting on January 31, 1978 to contradict defendant's principal's assertion that defendant hired its first salesperson to cover custom-ordered direct sales in New York City commencing on [*2]March 1982 and that defendant was not authorized to sell doors in New York City until that time. As reflected in the minutes, BOS amended the approvals that it previously granted to Champion International for the manufacture and sale of fire-rated doors in New York City to reflect its approval of defendant as the new owner. Defendant's explanation, that this approval was only for Champion International's "Weldwood" brand fire-rated doors, which defendant decided not to manufacture and sell, is for the trier of fact to consider. Additionally, while defendant asserted that it only made asbestos-free fire-rated doors starting in November 1980, plaintiff pointed to, among other things, defendant's letter to BOS dated October 16, 1984. In the 1984 letter, defendant requested that BOS revoke its approvals for defendant's asbestos-containing fire-rated doors because "[w]e no longer manufacture the doors with this ingredient" and defendant is "currently approved" to manufacture doors with "our current asbestos-free formula." It is for the trier of fact to determine the weight to be accorded to defendant's statements and whether defendant's letter request, made nearly four years after defendant asserts that it stopped manufacturing and selling asbestos-core fire-rated doors, undermines its position (see Feivel Funding Assoc. v Bender, 156 AD3d 416, 418 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK



Footnotes

Footnote 1:The relevant time period is from 1982 (based on plaintiff's testimony) or 1983 (based on plaintiff's work records) through 1992.