Matter of New York City Asbestos Litig. (2021 NY Slip Op 02373)





Matter of New York City Asbestos Litig.


2021 NY Slip Op 02373


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Index No. 190446/14 Appeal No. 13620 Case No. 2020-03234 

[*1]In the Matter of New York City Asbestos Litigation
Frank M. Salzano etc., et al., Plaintiffs-Respondents,
Air & Liquid Systems Corporation, etc., et al., Defendants, Kaiser Gypsum Company, Inc., Defendant-Appellant.


Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas Hurzeler of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Jason P. Weinstein of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about January 13, 2020, which denied defendant Kaiser Gypsum Company, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiffs failed to identify defendant's products as the source of the decedent's alleged exposure to asbestos (see Matter of New York City Asbestos Litig., 216 AD2d 79, 80 [1st Dept 1995]; Schiraldi v U.S. Min. Prods., 194 AD2d 482, 483 [1st Dept 1993]). The only evidence in the record of such a nexus is the inadmissible hearsay statement of a coworker of the decedent and his son when they were working together at some point from 1972 to 1974 that they were using defendant's joint compound (see e.g. Matter of New York City Asbestos Litig. [Florio], 2019 NY Slip Op 30758 [Sup Ct, NY County 2019]). The statement does not qualify as a present sense impression and therefore an exception to the hearsay rule. There is nothing in the statement to indicate that it described an event or condition that the coworker perceived (see generally People v Brown, 80 NY2d 729, 732-733 [1993]). Rather, it simply reflected the coworker's understanding of a fact — the brand of the joint compound that he and the decedent were using — without any indication of the source of his knowledge.
By filing a note of issue, plaintiffs certified that disclosure was complete, thereby waiving their right to any further discovery (Melcher v City of New York, 38 AD3d 376, 377 [1st Dept 2007]; see Matter of New York City Asbestos Litig., 2019 NY Slip Op 30035[U], *2-3 [Sup Ct, NY County 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021